HI-HEAT GAS COMPANY, PROSECUTOR, v. EDWARD J. DICKERSON, DEFENDANT.

Argued October 4, 1933—Decided January 26, 1934.

Before Justices CASE, BODINE and DONGES.

For the prosecutor, *Michael N. Chanalis.*

For the defendant, *Simon M. Seley.*

PER CURIAM.

This writ brings up a determination and award of the workmen's compensation bureau, rendered April 10th, 1933, in favor of the defendant for temporary and permanent disability resulting from an accident which admittedly arose out of and in the course of his employment by the prosecutor, and a judgment of the Court of Common Pleas of Essex county, rendered August 2d, 1933, dismissing the appeal from the award of the compensation bureau. The question involved in the jurisdiction of the tribunals of this state.

Dickerson was employed by the prosecutor from the year 1928 until January, 1932, to install and repair gas tank regulators in and about Springfield, New Jersey. In January, 1932, he was laid off, the explanation of this act being that work was to be held up pending approval of a regulator by the board of fire underwriters.

On April 8th, 1932, one Lindbloom, who was in charge of the Springfield office of prosecutor, rehired the defendant for work to be performed principally in New City, Rockland

county, New York, but to be performed partly in and about Springfield. The details of this employment were agreed upon at the company's New York office.

On September 16th, 1932, defendant was instructed to proceed from New City to Walden, there to deliver a list of customers at a designated place, and then to continue to Springfield, New Jersey. While on this trip and while still in New York state, the accident occurred which resulted in his disability.

There was a dispute of fact at the hearing as to whether the first employment of defendant had been actually severed and a new employment entered into on April 8th, 1932, or there had been merely a lay-off and then a resumption of the original hiring. The contention of the prosecutor here is that the first employment had been stopped and that there had been a re-employment entered into in the State of New York for work in New York, and that, since the accident also occurred in that state, the courts of this state are without jurisdiction to make an award.

The referee held that the re-employment, if such it was, was entered into in this state, and it made no difference whether the first hiring had ceased. When pressed to rule on this question he held as a fact that there had been no cessation of the employment and it is now contended that there is no evidence to support this finding. The original hiring was in this state for work to be performed herein.

The evidence clearly leads to the conclusion that the hiring of April 8th, 1932, if it was a new contract, was one entered into in this state, between a citizen of this state and a corporation authorized to do business here, for work to be performed partly in this state and partly in the state of New York.

Prosecutor's first point is that "an entirely new contract of employment was made between petitioner and respondent in April of 1932." And the second "the contract of hiring under which petitioner was working when injured was entered into in New York." Granting the first point, we are of the opinion that the evidence justifies a finding that the contract of April, 1932, was entered into in the State of New Jersey,

although some of the details were settled at a conference at the main office in New York.

The last point is "if the contract of employment was made in New Jersey, but to be performed exclusively in New York, the court below had no jurisdiction in this case." In the first place the work was to be performed and was actually performed partly in this state and partly in New York. Finally, this court held in *Rounsville* v. *Central Railroad Co.*, 87 *N. J. L.* 371; 94 *Atl. Rep.* 392; (reversed by the Court of Errors and Appeals on another ground, 90 *N. J. L.* 176; 101 *Atl. Rep.* 182), that the courts of this state have jurisdiction to enforce a contract of hiring entered into in this state for work to be performed out of the state. We conclude that such a situation is presented here.

The *certiorari* brings up the judgment of the Court of Common Pleas of Essex county dismissing the appeal, but that question is not argued here, so we have not considered it.

The award under review is affirmed, with costs.