New Jersey Department of Labor,
Workmen's Compensation Bureau.

A. DI CARVALLO, PETITIONER, v. G. DI NAPOLI, INCORPO-
RATED, RESPONDENT.

Decided August 1, 1935.

For the petitioner, *Robert Kasdin*.

For the respondent, *Edwin Joseph O'Brien*.

The above entitled matter came on for a hearing before me in the Hackensack court house on the 15th day of July, 1935, and the 22d day of July, 1935, as the result of a petition filed by the petitioner through his attorney, Robert Kasdin, Esquire, and an answer filed by the respondent through its attorney, Edwin Jos. O'Brien, Esquire. Petitioner sustained an injury to his foot while working in Suffern, New York, which is not denied by the respondent. Though the contention of the respondent, as set forth at the hearing, and the answer of the respondent is that petitioner was hired in New York, was injured while working in New York and that in addition thereto having brought his case before the New York compensation commission and having been represented by an attorney of his own choosing, whom he paid, and having accepted the benefits under the New York Compensation act, that said petitioner is estopped from recovering in his present suit, so the question in the case *sub judice* is one of jurisdiction.

It is agreed that petitioner met with an accident arising out of and in the course of his employment. Accident occurred in New York State. Petitioner alleges he was hired in New Jersey.

Claim was adjudicated in regular manner before a referee of the New York State compensation bureau. At the time of this hearing petitioner was represented by counsel.

At the trial it developed that petitioner was working upon an PWA project in which from the testimony of a representative of the federal re-employment service it was necessary, in order to obtain employment on this particular job, to be a resident of New York State for six months and register with the federal re-employment service.

*Exhibit R-1* reflects the fact that petitioner did so register under date of May 15th, 1935, and gave as his address Hillburn, New York, and further stated he lived in New York State for five years.

Petitioner alleges that this procedure was merely a matter of form in order to obtain employment, he was hired in New Jersey and lived in New Jersey during time of employment.

In view of the conduct of petitioner in: 1. Representing himself to be a resident of New York. 2. Submitting himself to the jurisdiction of the New York State compensation bureau. 3. Accepting compensation under that act is he estopped from now making application to the New Jersey State compensation bureau.

In *In re Walsh's Estate,* 80 *N. J. Eq.* 565; 74 *Atl. Rep.* 563, it was held "where a person takes a certain position before a court and submits it to the court for decision he cannot afterward deny that which he admitted in the previous suit."

*In re Grattan Estate,* 78 *N. J. Eq.* 225; 78 *Atl. Rep.* 813, held parties who affirm the validity of a decree of a court of another state to the extent of charging one with receipt of money paid under it, cannot deny its validity with respect to the character in which it was awarded him.

In my opinion from facts as stated petitioner has elected to accept compensation under the New York statute and from

his conduct placed himself under the jurisdiction of that bureau is now estopped from repudiating benefits so received and if further relief is desired make application to the New York State compensation bureau for same.

I further find as a fact that the contract of hire and employment both were in New York State.

The petition is hereby dismissed.

JOHN C. WEGNER,
*Referee.*