NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

HARRY RITENOUR, PETITIONER, v. CREAMERY SERVICE, INC., RESPONDENT.

Decided January 11, 1941.

For the petitioner, *Meyer W. Stein* (*David Cohn*, of counsel).

For the respondent, *George F. Lahey, Jr.* (*George Gockeler*, of counsel).

\*　　\*　　\*　　\*　　\*　　\*　　\*

It was stipulated by counsel that the petitioner was regularly employed by the respondent as a truck driver on one of its milk trucks at wages of $39.50 a week and that on February 9th, 1939, while so employed, he met with an accident arising out of and in the course of his employment consisting of a collision between his truck and another truck, which accident occurred in the village of Pallatine Church, New York, and which resulted in injuries in and about his lower back. By stipulation of counsel it was agreed that the question of jurisdiction was to be tried out first as to whether the petitioner's contract of hire was governed by the Workmen's Compensation act of New Jersey or that of New York. It was further agreed by counsel that the question of disability would be passed upon at a subsequent hearing, if necessary.

Upon the completion of oral arguments by counsel, briefs were thereafter submitted which I have carefully examined. From the facts in the case, I am satisfied that the contract of hire took place and was consummated in the State of New York and that the work and services to be rendered by the petitioner thereunder were confined exclusively within the State of New York. I feel reasonably satisfied that the present case is controlled by *Hamm* v. *Rockwood Sprinkler Co.*, 88 *N. J. L.* 564; 97 *Atl. Rep.* 730, which held that the Workmen's Compensation act of New Jersey did not apply where the contract of hiring was made in New York, the work performed in New York and the person injured in New York, although the employe was a resident of New Jersey and the employer was a foreign corporation licensed to do business in New Jersey.

Nor do I feel that the present case is governed by *Hi-Heat*

*Gas Co.* v. *Dickerson,* 12 *N. J. Mis. R.* 151; 170 *Atl. Rep.* 44; *affirmed,* 113 *N. J. L.* 329; 174 *Atl. Rep.* 483, wherein a contract of hiring made in New Jersey and work to be performed partly in New Jersey and partly in New York was held to be a New Jersey contract and that the New Jersey law governed even though the employe was injured in New York.

In the present case, counsel for petitioner strenuously argues and contends that the petitioner's daily route in driving a large milk truck from Brooklyn, New York, to upstate New York required his traveling through a small portion of northern New Jersey and that by reason thereof counsel urges that the petitioner's employment was partly performed in New Jersey, notwithstanding that the respondent did no business whatever in the State of New Jersey. Such contention is wholly without substance. The statute and the decisions construing the same contemplate substantial services and not purely superficial services in order to confer jurisdiction upon a given state.

Another significant fact in the case is the payment of compensation in the amount of $300.84 by the respondent to the petitioner under an award made by the Department of Labor of the State of New York, Division of Workmen's Compensation. In view of these circumstances, assuming that the said contract extended to work both in New York as well as New Jersey, the petitioner would nevertheless be precluded from making a claim under the New Jersey act because of his prior election under the New York statute. The case of *DiCarvallo* v. *G. DiNapoli, Inc.,* 13 *N. J. Mis. R.* 603; 180 *Atl. Rep.* 488, is controlling, "holding that an employe who submits himself to jurisdiction of New York Workmen's Compensation Bureau and accepts compensation as result of adjudication is estopped from making claim in New Jersey."

Upon carefully considering the proofs in this case I am satisfied that the Workmen's Compensation Bureau is without jurisdiction over the subject-matter of the present claim.

\*　　\*　　\*　　\*　　\*　　\*　　\*

JOHN J. STAHL,
*Deputy Commissioner.*