PERFECT SEAL ROCK WOOL MANUFACTURING COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*April 6—May 2, 1950.*

134

For the appellants there were briefs by *Wilkie, Toebaas, Hart, Kraege & Jackman* of Madison, and oral argument by *Harold M. Wilkie* and *Horace W. Wilkie.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent Beryle Williams there was a brief by *Dougherty, Ryan, Moss & Wickhem* of Janesville, and oral argument by *John C. Wickhem.*

HUGHES, J. There is no question that the Nebraska law affords protection to the deceased and his beneficiary. There is likewise no dispute that if the Wisconsin law also applies, the fact of concurrent jurisdiction in Nebraska would not deprive the Wisconsin Industrial Commission of jurisdiction. *Interstate Power Co. v. Industrial Comm.* (1931), 203 Wis. 466, 234 N. W. 889; *Salvation Army v. Industrial Comm.* (1935), 219 Wis. 343, 263 N. W. 349.

The respondents contend that the Workmen's Compensation Act is so broad that it covers this situation. The deceased once having attained the status of an employee of the Wisconsin partnership in this state during the term of his employment in which the injury was sustained, it is argued that the Wisconsin act applies.

Respondents further argue that the language of the act is not open to judicial interpretation. They contend that a nonresident employee qualifies for benefits under our act when he performs services in Wisconsin for which he is compensated, and that the act itself does not make further requirements as to duration, importance, type, or kind of services

performed, nor does it contain any provision that the status once acquired is to be considered terminated or forfeited under any set of subsequent circumstances.

Counsel for appellants argue that deceased's was not a continuing employment, but that since he was paid monthly, each month constituted a new period of employment. We think it sufficient to state that this position is untenable. Deceased was hired as a salesman without specific term and the relationship of employee and employer would continue until terminated by action of one of the parties.

Respondents concede that if their theory of this case is correct, then every employee who performs services in Wisconsin, however temporary, and thereby attains the status of employee in Wisconsin, is entitled to seek the benefits of the Wisconsin act, no matter where or how far removed his injury may be from the Wisconsin employment. If an employee who had worked for a corporation in a neighboring state for ten years were sent by his employer into Wisconsin for a two-week period to perform services, he would be subject to the provisions of the act while in Wisconsin. If injured while here, he would be entitled to the benefits of the Wisconsin act. *Interstate Power Co. v. Industrial Comm., supra.* It is argued from this that if the employee returns to the state of original employment and continues to work there under the same contract of employment and is injured there ten years later, he maintains his status as a Wisconsin employee and may have the benefits of the Wisconsin act.

In *Interstate Power Co. v. Industrial Comm., supra,* the employee was a resident of Iowa and had there entered into a contract of hire with a Wisconsin corporation. The main work was to be performed in Iowa and the Wisconsin court recognized that because of those facts the parties were subject to the Iowa compensation act. The employee had been sent to Wisconsin to perform temporary service in this state. While so engaged he sustained injuries from which he died. The court held that he had attained a status as employee in

Wisconsin and that therefore he was entitled to the benefits of the Wisconsin act. The court reviewed the cases on jurisdiction previously decided and came to these conclusions (p. 472):

"From the foregoing cases it may be concluded that where the employer and employee are residents of Wisconsin, and the contract is made in Wisconsin, the provisions of the Wisconsin act become a part of the contract of employment, and the employee is entitled to the benefits of the act no matter where he performs the services and no matter where his injury in the course of his employment is sustained. It may also be taken as established by the *Wandersee Case* that where the employee neither lives in Wisconsin, nor performs service in Wisconsin, nor is injured here, he is not under the act even though his employer resides in Wisconsin and the contract is made in this state. In all of these cases *the fact that the contract is made in this state* and that the parties are resident here is treated as a major factor in determining that the Wisconsin law has extraterritorial effect."

We have examined the cases decided since 1931 and find that nowhere has the act been applied to a nonresident working under a foreign contract unless he was injured in Wisconsin. Likewise, the act has never been extended to one whose injuries were sustained outside the state unless the employee was a resident of Wisconsin working under a contract of hire entered into within the state.

In *McKesson-Fuller-Morrisson Co. v. Industrial Comm.* (1933), 212 Wis. 507, 511, 250 N. W. 396, the court, referring to all of its previous decisions on jurisdiction, said:

"In all those cases this court has insistently maintained the position that *where the relation of employer and employee exists in this state,* and the employee, as incidental to his duties, is sent beyond the borders of this state and there sustains an injury, he is entitled to compensation under the laws of our state."

We are now asked to establish the converse: That where a resident of a sister state enters into a contract of employment

with a Wisconsin firm, the main duties of which are to be performed in the state of his residence and neighboring states, not including Wisconsin, he is entitled to the benefits of the Wisconsin law simply because he made one trip to Wisconsin on business of his employer incidental to his main occupation.

Both reason and precedent inveigh against the respondents.

Where the employee is a resident of Wisconsin, though his work is outside the state, the state still maintains an interest in his welfare and that of his dependents. This was recognized very frankly as a basis for entertaining jurisdiction in *Val Blatz Brewing Co. v. Industrial Comm.* (1930), 201 Wis. 474, 481, 230 N. W. 622:

> "The state has such an interest in the welfare and protection of its citizens and of those dependent upon them that it may in the exercise of the police power extend the protection of its compensation act to citizens of the state who are injured while performing service [for an employer subject to the Wisconsin act] outside its boundaries."

This continuing interest in our citizens and the temporary interest in employees who have their principal status outside the state, while they are within our borders and subject to the jurisdiction of the state, should satisfy the reasonable purposes of the compensation act.

To give the act the effect which respondents seek would lead to ridiculous results. An employer, such as General Motors or other nationally operating corporation over which Wisconsin had jurisdiction, could be made to respond in Wisconsin for injuries to a Michigan employee injured in Michigan if he had made a business trip to Wisconsin for his employer, even though it may have been years before the injury. Counsel concedes this, but says that because the language of the act is broad the court cannot limit its scope.

We are of the opinion that though no interpretation of the language is necessary, the application of the act must be reasonable and consistent with the legislative purpose.

In *McKesson-Fuller-Morrisson Co. v. Industrial Comm.,* *supra,* it was said (p. 513):

". . . the dominant consideration is whether the employee had obtained the status of an employee in this state, a status which may be attained by rendering service in this state to one who is under the Workmen's Compensation Act of this state. Having attained that status, injury sustained while absent from the state on a mission *incidental to his main employment in this state,* will be compensated under our act."

One injured in Wisconsin while on a mission incidental to his main employment in a sister state will be compensated under the act. An employee who acquires a temporary status in this state while on a mission incidental to his main employment in a sister state must be held to lose such status upon leaving the jurisdiction of Wisconsin, and his remedy for injuries thereafter sustained at the place of his main employment is beyond the jurisdiction of the Wisconsin Industrial Commission.

*By the Court.*—Judgment reversed and cause remanded with instructions to enter judgment vacating the award of the Industrial Commission.