# Gareth L. Tobin et als v. Stewart Rouse, d.b.a. Rouse Motor Express

(99 A2d 617)

May Term, 1953.

Present: **Sherburne, C. J., Jeffords, Cleary and Adams, JJ., and Chase, Supr. J.**

Opinion Filed October 6, 1953.

·*Black* & *Wilson* for the defendant.

*Joseph S. Wool* and *Howard B. Lane* [of Keene, N. H.] for the claimants.

Sherburne, C. J. This cause comes here upon defendants' exceptions to the findings and award of the commissioner of industrial relations.

So far as here material the commissioner found the following facts: On March 29, 1947, Stewart Rouse, doing business as Rouse Motor Express, began trucking milk as a contract carrier from Starksboro, Vermont, to Boston, Massachusetts. He has his principal place of business at Starksboro, and all business transactions are there and payments of wages to employees are made there. At Boston on this date Benjamin T. Tobin was hired by Rouse at a salary of $50.00 per week. Tobin was not then or afterwards a resident of Vermont. His duties as an employee of Rouse consisted of operating a motor truck and delivery of milk products in Massachusetts, and for a short time in New Hampshire. On two occasions he operated the motor truck to Chester, Vermont. In the latter part of May or first part of June, 1947, Tobin and Rouse met in Rutland, Vermont, to discuss the terms of employment, and their agreement of March 29, 1947, was varied so that Tobin was to have a raise of $5.00 per week, a room and telephone bills paid for by Rouse, and a week's vacation with pay every six months. Tobin met with an accident in Watertown, Massachusetts, on September 15, 1949, and his resulting death arose out of and in the course of his employment.

In addition to the foregoing findings the commissioner found that Tobin was an employee of Rouse Motor Express within the meaning of our Workmen's Compensation Act, and that on the date of the accident the defendant insurance company was primarily liable, and Rouse was secondarily liable for benefits under the act. These additional findings are conclusions of law, and were excepted to by the defendants. Had they not been excepted to the legal effect of such conclusions would have been reviewable under the exception to the order of award, which was taken on the grounds that the order was not supported by the findings of fact, that Tobin was not an employee within the meaning of the act, and that the commissioner was without jurisdiction. *Greenwood* v. *Lamson*, 106 Vt 37, 42, 168 A 915; *Schwarz* v. *Avery*, 113 Vt 175, 180, 31 A2d 916.

■ Although every contract of hiring shall be presumed to have been made subject to the provisions of the act, V. S. 47, § 8067, a person working under a contract of hire made in another state does not become an employee under the provisions of the act until he renders service for his employer in this State under such contract. But as soon as he renders service for his employer in this State under such contract, then the act enters and becomes a part of the contract while he is so rendering service. He is then entitled to compensation under the provisions of the act for an injury sustained in this jurisdiction while so rendering service. *DeGray* v. *Miller Bros. Const. Co. Inc.*, 106 Vt 259, 274, 275, 173 A 556. Yet, if his rendering of such service in this State is only occasional and incidental to his main employment in another state, he ceases to be an employee under the provisions of the act upon leaving this jurisdiction and returning to his main employment in such other state. *Perfect Seal Rock Wool Mfg. Co.* v. *Industrial Commission*, 257 Wis 133, 42 NW2d 449. However, if a workman who has been hired in this State receives injury by accident arising out of and in the course of such employment, he shall be entitled to compensation according to the law of this State, even though such injury was received outside of this State. V. S. 47, §8073.

The only question involved in this cause is whether the agreement at Rutland varying the contract of employment made in Boston was a hiring within this State.

■ Tobin was hired at Boston and the relation of master and servant was there entered into. The agreement made at Rutland for increased pay and other benefits did not change this relation. It was not a new hiring. This is illustrated in the following cases from other jurisdictions: In *Pettiti* v. *Pardy Const. Co.*, 103 Conn 101, 130 A 70, the defendant in Connecticut hired the plaintiff as a foreman on the erection of a building in Massachusetts. Because of a difference with the superintendent he was suspended. Within a few days he was taken back, and later the superintendent made an arrangement with him to do extra work for extra pay. It was claimed that the plaintiff's reemployment and the arrangement

for extra work at extra pay were new contracts made in Massachusetts. It was held that there was only one contract of employment, and that a change of the work done, or the compensation paid the employee, would not change the relation existing between this employer and employee. In *Sims* v. *Truscon Steel Co.*, 343 Mo 1216, 126 SW2d 204, Sims was hired by the defendant in Missouri as an iron worker at $1.25 per hour on a school house job in Kansas. After arriving in Kansas Sims' duties were changed and he became a "key man" at $1.50 per hour. It was held that there was only one contract of employment, and that the fact that Sims was given additional duties and additional pay did not change the relationship existing between employer and employee.

The findings do not support the conclusion that Tobin when injured was an employee of Rouse Motor Express within the meaning of the act. It follows that the commissioner was without jurisdiction of the subject matter. *Chamberlain* v. *Central Vermont Ry. Co.*, 100 Vt 284, 291, 137 A 326.

*Order vacated, and claim dismissed with costs. To be certified to the commissioner of industrial relations.*