27 N.J. Super. 567 (1953)
99 A.2d 673
PATRICIA MARIE CRAWFORD, PETITIONER-APPELLANT,
v.
TRANS WORLD AIRLINE, RESPONDENT-APPELLEE.
Superior Court of New Jersey, Hudson County Court Law Division.
Decided October 7, 1953.
*568 Mr. John P. Holly, attorney for the petitioner-appellant.
Mr. Walter H. Jones, attorney for the respondent-appellee (Mr. Walter R. Hespe appearing).
DUFFY, J.C.C.
This is an appeal by petitioner from an adverse determination in the Workmen's Compensation Division. The hearing below was limited to the questions of jurisdiction and the bar of the statute of limitations.
On September 5, 1947 petitioner made application in New York for a position with respondent as airline hostess. On her own initiative and at her own expense she took a course of training for such work at a school in Kansas City, Mo. She was formally hired in such capacity by respondent in the latter city on December 29, 1947.
Although most of her flights originated at the Newark, N.J., Airport, her salary checks and general supervisory orders emanated from the Kansas City office which is the main headquarters for respondent company.
Petitioner testified that on September 24, 1948, while performing her duties (serving lunch) in a flight from Newark, N.J. to Dayton, Ohio, she suffered an injury to her right knee. She reported the occurrence to her supervisor and was returned aboard another plane, as a passenger, to LaGuardia Airport in New York City. She received heat *569 treatment from a company doctor for approximately two weeks but lost no time from work. She could not definitely fix the plane's location at the time of injury but testified that the ship had a cruising speed of 185 miles per hour and that the accident occurred about an hour after the Newark takeoff while flying on direct route. It is obvious that travelling at the described speed the plane was beyond the boundaries of New Jersey at the time of the occurrence.
Petitioner further testified that she sustained another injury to her knee on May 16, 1950. At that time she was flying out of New York City and the injury occurred while passing over an unknown state. There is confusion in the record whether her right or left knee was involved in the second accident. However, it is not disputed that an operation was performed on her right knee in November 1951 and that the operation was paid for by respondent company. Except for a disagreement as to whether the period was six or eight weeks, petitioner admitted that she had received compensation payments from the Kansas City, Mo., Workmen's Compensation Board from November 19, 1951 to January 13, 1952. She also admitted that she had appeared before the Workmen's Compensation Court in New York on June 12, 1952 and there testified that at the time of her employment in Kansas City, Mo., she had been assigned to New York.
Prior to hearing below, petitioner moved to amend the claim petition to show that the accident of May 16, 1950 constituted a recurrence of the injury which she had sustained on September 24, 1948. The motion was denied by the deputy director.
From the proofs offered it is my opinion that the injury sustained on May 16, 1950 constituted a new and independent accident. From the admissions made in her testimony, it clearly appears that an award for the injury sustained in this latter accident has been made to petitioner by the Missouri Workmen's Compensation Board and that such determination is res judicata to this court. Ritenour v. Creamery Service, Inc., 19 N.J. Misc. 82 (W.C.B. 1941). *570 I, too, dismiss the motion to amend the present claim petition.
Petitioner contends that regardless of where the original contract of employment was consummated, a new contract was executed when her salary was increased while she was employed and based in New Jersey. However, the record indicates that her original contract of hiring was executed in Kansas City, Mo., and that subsequent increases in salary were the result of union negotiations applied to class employees rather than individual negotiations resulting in a new contract between petitioner and respondent. A contract may be modified, abrogated or rescinded by the mutual assent of the contracting parties, Schlossbach v. Francis-Smith, 3 N.J. Super. 368 (Ch. Div. 1949), and alteration in the legal sense relates wholly to the change in some feature of a paper already legally complete, Wilson v. Windolph, 103 N.J. Eq. 275, 277 (E. & A. 1928). Surely, a mere change in the salary paid under an existing valid contract is only a modification of the original agreement and does not destroy it.
It has long been established that if the injury occurs outside of New Jersey and the contract was made outside of New Jersey, our compensation act does not apply, Hamm v. Rockwood Sprinkler Co., 88 N.J.L. 564 (Sup. Ct. 1916).
I conclude that this State has no jurisdiction over the accident or the contract of employment.
The present claim petition will be dismissed.
Although there is no need to discuss the defense of the statute of limitations in view of the above, I will say that the petition in the instant case was not filed within time. See Riccioni v. American Cyanamid Co., 23 N.J. Super. 465 (Cty. Ct. 1952), affirmed 26 N.J. Super. 1 (App. Div. 1953).
I will sign an appropriate judgment.