160 N.J. Super. 22 (1978)
388 A.2d 1269
ROSE LILLIAN BEENY, PETITIONER-APPELLANT,
v.
TELECONSULT, INC., RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 9, 1978.
Decided June 1, 1978.
*23 Before Judges LORA, SEIDMAN and MILMED.
Mr. Jerrold D. Goldstein argued the cause for appellant (Messrs. Goldstein, Toto and Samson, attorneys).
Mr. Sidney Berezin argued the cause for respondent (Messrs. Hein, Smith and Berezin, attorneys).
PER CURIAM.
Petitioner appeals from a judgment of the Division of Workers' Compensation dismissing a dependency claim petition filed in behalf of herself and two minor children.
Leslie S. Beeny, petitioner's decedent, was an electronics engineer who had been employed by RCA for many years until August 1, 1973. Mrs. Beeny testified that in December 1973 her husband attended a professional society meeting in Northern New Jersey where he met Roy Simpson, a consulting engineer for respondent, who suggested that decedent might work as a consultant for Teleconsult. She testified that the first time her husband went to Washington, D.C., to meet with Dr. Eitel M. Rizzoni, a principal of Teleconsult, and his associates was on January 8, 1974; that before his trip to Washington decedent and Simpson had been working together on the "Nicaragua project" for Teleconsult, using both the Beenys' home and the Simpsons' home for such work. Although Mrs. Beeny did not recall the amount he mentioned, she did say that at the time her husband started working for Teleconsult, in December 1973, before he went to Washington for the first time, he had told her how much respondent would be paying him. She presented bills which she had submitted to respondent for her husband's expenses, some of which were from as early as October 1973 and one *24 in particular, dated December 6, 1973, was marked "previously billed," which was taken to indicate that decedent had already submitted that bill for reimbursement.
The chronology set forth in both Simpson's and Rizzoni's testimony differed greatly from that of petitioner. According to Simpson, the professional society meeting at which he and decedent met and discussed the possibility of decedent's obtaining work as a consultant for Teleconsult was in September 1973, not December. Simpson stated that in light of his talk with decedent he contacted Rizzoni in Washington on the following day. Still in September, Simpson remembered having spoken with both Rizzoni and Beeny on the telephone from Washington, and that Rizzoni informed Simpson that Beeny was going to be working for Teleconsult. Simpson testified that he did meet with decedent several times in December, and spoke on the phone with him frequently at that time, concerning the Nicaragua project. Simpson also recalled that Beeny had gone to Washington on January 8, 1974, and that both he and decedent were in Washington in January concerning the costing aspect of the project and writing the specifications.
Dr. Rizzoni, who is the president and a director of Teleconsult, testified that the company is located in Washington, D.C., and does not have any business offices in New Jersey. At the beginning of September 1973 Beeny was invited to come to Washington to discuss the possibility of his becoming a consultant for respondent; decedent went to Washington on September 18, 1973, and "we quickly came to an agreement and we started working on that very day." The remuneration decedent was to receive was a professional fee of $100 a day, plus expenses; the first day of payment was September 18, 1973. As a matter of company policy, Rizzoni invited Beeny to Washington because "a person has to be interviewed by more than one director to be given an assignment." Rizzoni testified that although the professional fee was discussed over the phone prior to Beeny's arrival in *25 Washington, the details as to whether decedent would be paid on a per diem or actual expense basis were finalized in Washington on September 18 and 19, 1973. Beeny died on October 10, 1974 while working for Teleconsult in Bogota, Colombia.
We note preliminarily that although the hearings before the judge of compensation were to be limited to the issue of jurisdiction, he nevertheless found that (1) there was no employer-employee relationship, (2) the contract for the work relationship was entered into in Washington, D.C., and (3) the injury did not occur in New Jersey, and therefore New Jersey had no jurisdiction over the matter. The determination of the work relationship as being that of either employer-employee or independent contractor is irrelevant on the issue of a jurisdictional base in New Jersey. Furthermore, the record indicates the parties did not anticipate and were not prepared to try the issue of the relationship between Beeny and Teleconsult and therefore the trial judge was not justified in making findings on that issue based on the limited evidence before him.
The trial judge dismissed the petition for lack of jurisdiction since the contract was made in Washington, D.C., and the injury occurred in Bogota, Colombia, South Ameriica, relying upon the principles enunciated in Crawford v. Trans World Airline, 27 N.J. Super. 567, 570 (Cty. Ct. 1953), and Rivera v. Green Giant Co., 93 N.J. Super. 6 (App. Div. 1966), aff'd 50 N.J. 284 (1967).
It is clear that if New Jersey were the situs of either the contract or the injury, a jurisdictional basis for compensation under the Workers' Compensation Act would be established. Gotkin v. Weinberg, 2 N.J. 305, 307 (1949); Rivera v. Green Giant Co., supra, 93 N.J. Super. at 11. Here, however, the record supports the trial judge's finding that the contract was made in Washington, D.C., and despite the apparently pre-existing heart disease, the injury occurred in South America, not New Jersey. As stated in Rivera v. Green Giant Co., supra, where both the injury and *26 employment undertaking are outside of New Jersey, the New Jersey compensation laws are not generally applicable. See also, Crawford v. Trans World Airline, supra, 27 N.J. Super. at 570.
Our research has unearthed no case in New Jersey in which, absent one of the two elements, a compensation court has assumed jurisdiction over the matter. See, for example, Wenzel v. Zantop Air Transport, Inc., 94 N.J. Super. 326 (Cty. Ct. 1967), aff'd o.b. 97 N.J. Super. 264 (App. Div. 1967); Sager v. Howell Trucking Co., Inc., 54 N.J. Super. 113 (Cty. Ct. 1959). Nonetheless, there is language in Wenzel, as well as other authority for a broader perspective on the jurisdictional issue.
Notwithstanding that in Wenzel the court concluded that the case was not an appropriate vehicle for recognition of a broader basis for jurisdiction (Wenzel established domicile rather than residence in New Jersey, and only a small proportion of employment services were rendered in New Jersey), Judge Weidenburner did outline the precedents, both state and federal, as well as the principle upon which jurisdiction could be based:
In the light of the instructions from our appellate courts to give a liberal interpretation to coverage under our statute, and the expansion of jurisdictional concepts of due process, our courts might appropriately provide the forum for a compensation action by a resident when more than casual employment services were performed in New Jersey, although the hiring contract and place of injury were elsewhere. [94 N.J. Super. at 335]
In recognizing that there were other valid bases for jurisdiction in the field of Workers' Compensation Act in addition to the place of employment or injury, he cited to 2 Larson, Law of Workmen's Compensation, § 86.10 at 368, now found in 4 Larson, Workmen's Compensation Law at 33 (1976), summary of grounds supporting applicability of a particular compensation act:
*27 There are six grounds on which the applicability of a particular compensation act has been asserted; they are that the local state is the:
(1) Place where the injury occurred.
(2) Place of making the contract;
(3) Place where the employment relation exists or is carried out;
(4) Place where the industry is localized;
(5) Place where the employee resides; or
(6) Place whose statute the parties expressly adopted by contract.
When one of these falls within the local state, and some or all of the others occur in another state, the question arises whether the local state can apply its statute without being accused of denying full faith and credit to the statute of the other. As matters now stand, it is clear that the state which was the locus of any one of the first three items  contract, injury or employment  and probably also of the next two  employee residence and business localization  can constitutionally apply its statute if it wants to.
Larson points out that there is a sufficient "legitimate interest" basis in cases such as Alaska Packers Ass'n v. Industrial Accident Comm'n, 294 U.S. 532, 55 S.Ct. 518, 79 L.Ed. 1044 (1934), and Cardillo v. Liberty Mut. Ins. Co., 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028 (1947), to support application of a local statute to a case in which the state is the employee's residence. (Larson, op. cit. at p. 42). The broad liberal interpretation given to coverage under our Workers' Compensation Act "in order to insure the accomplishment of the statutory remedial goals," Stellmah v. Hunterdon Coop. G.L.F. Serv., Inc., 47 N.J. 163, 169 (1966), persuades us to adopt the rationale and philosophy of such broadened concepts of jurisdiction. See also, Parks v. Johnson Motor Lines, 156 N.J. Super. 177, 181 (App. Div. 1978), where we held New Jersey was an appropriate forum in the presence of residence and significant employment contacts and that the New Jersey Workers' Compensation Act be applied.
Accordingly, we are of the view that if in fact a substantial amount of decedent's consultant work for Teleconsult was performed by him at his home in New Jersey where he had been a long time resident, then, and in that event, New Jersey would have jurisdiction to entertain *28 petitioner's dependency claims on behalf of herself and two daughters.
However, the facts on this aspect of the case as well as on decedent's relationship with Teleconsult must be developed at a plenary hearing, following which the judge of compensation should make findings of fact and conclusions of law on the extent of the services performed by decedent in New Jersey and the relationship between decedent and Teleconsult, i.e., whether that of employer-employee or independent contractor.
The judgment of dismissal is reversed and the matter is remanded to the Division of Workers' Compensation for a new trial on the issues set forth above. We do not retain jurisdiction.