ESTATE OF Richard G. TORRES by its Administrator, Lina S. Torres, and Christian M. Torres, a minor, by her parent and guardian, Gina C. Dissinger, and by her Guardian Ad Litem, Jay A. Urban, Plaintiffs-Appellants,

v.

Rene G. MORALES, Allstate County Mutual Insurance Company and Farmers Texas County Mutual Insurance Company, Defendants,

EMPIRE FIRE AND MARINE INSURANCE COMPANY and Enterprise Rent-A-Car Company, Inc., Defendants-Respondents,

PHARMACISTS MUTUAL INSURANCE COMPANY, Subrogated Defendant-Appellant,

v.

Craig A. WEBER and Progressive Halcyon Insurance Company, Third-Party Defendants.

Court of Appeals

*No. 2007AP1519. Submitted on briefs May 2, 2008. —Decided June 18, 2008.*

2008 WI App 113

(Also reported in 756 N.W.2d 662.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *G. Kevin Buchanan* and *Melissa J. Bellan* of *Buchanan & Burke, LLP* of Dallas,

Texas; *Jay A. Urban* and *Jennifer M. Wilson* of *Urban & Taylor S.C.*, Milwaukee; *James G. Curtis* of *Hale, Skemp, Hanson, Skemp & Sleik*, La Crosse.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Stacy K. Luell*, and *Jeffrey T. Nichols*, of *Crivello Carlson, S.C.*, Milwaukee.

Before Brown, C.J., Anderson, P.J., and Snyder, J.

¶ 1. BROWN, C.J.   This case arises from an automobile accident in Oconomowoc in which Richard Torres was killed. Torres lived and worked in Texas and had traveled to Wisconsin, along with a coworker, for a seminar related to his job. At the time of the accident, the coworker was driving the car and Torres was the passenger. Torres' estate, his minor daughter, and his mother sued the coworker and his insurers for negligence, but the trial court dismissed the claims on the grounds that Wisconsin's Worker's Compensation Act provides Torres' exclusive remedy for his coworker's negligence in the accident. On appeal, Plaintiffs renew their argument that the accident does not fall under worker's compensation because neither Torres nor his employer was subject to the Wisconsin Act. We conclude, as the circuit court did, that where an out-of-state employer sends an out-of-state employee to Wisconsin and the employee is injured or killed in Wisconsin in the course of employment, Wisconsin's Act is applicable. Therefore Torres' co-employee has no liability for Torres' death and his insurers were properly dismissed from the case. *See* WIS. STAT. § 102.03(2) (2005–06).[1] This conclusion moots the rest of the issues in the case; we therefore affirm.

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

¶ 2. The facts relevant to this appeal are undisputed. Torres and his coworker Rene Morales worked in Texas for a company called Electric 3 Wheelers. In May 2004, as part of their employment, they traveled together to Wisconsin for a seminar. Their employer authorized them to rent a car from Enterprise Rent-A-Car Company, and Morales rented the car on his credit card with the expectation that he would be reimbursed, which he was. Morales also purchased, in connection with the rental, a supplemental liability insurance policy issued by Empire Fire and Marine Insurance Company. On May 21, 2004, en route from the hotel where they were staying to the location of the seminar, with Morales at the wheel, Morales and Torres were in a car accident. Torres was killed.

¶ 3. Torres' estate, his minor daughter, and his mother (collectively "the Estate"), sued Morales and his purported insurers, Enterprise and Empire (collectively "Enterprise"),[2] as well as Torres' underinsured motorist carrier. The insurer that provided worker's compensation coverage for Torres was also named as a subrogated party because it had paid medical benefits and funeral expenses to the estate and death benefits to Torres' minor daughter, Christian. The complaint was later amended to add the driver of the other vehicle in the accident and his insurer. Enterprise moved for summary judgment, claiming that worker's compensation was Torres' exclusive remedy for Morales' negligence. The circuit court granted the judgment and dismissed Enterprise, though the case remained pend-

---

[2] We say "purported" because Enterprise Rent-A-Car, Inc., states that it is not an insurer and did not sell insurance to Morales. Morales' lack of liability renders the question of who insured him moot.

ing with respect to some other parties. The Estate appeals Enterprise's dismissal.

¶ 4.    Our review of a grant of summary judgment is de novo. Summary judgment methodology is well understood and will not be repeated here except to note that it is appropriate when there are no genuine issues of material fact and one party is entitled to a judgment as a matter of law. *See Walker v. Tobin*, 209 Wis. 2d 72, 76, 568 N.W.2d 303 (Ct. App. 1997); Wis. Stat. § 802.08(2). All parties agree that no material facts are in dispute here. This appeal instead requires the interpretation and application of case law and statutes, for which our review is likewise de novo. *Carolina Builders Corp. v. Dietzman*, 2007 WI App 201, ¶ 13, 304 Wis. 2d 773, 739 N.W.2d 53, *review denied*, 2007 WI 134, 305 Wis. 2d 130, 742 N.W.2d 527 (WI Oct. 10, 2007).

¶ 5.    Where an injury or death is compensable under the Worker's Compensation Act, Wis. Stat. ch. 102, the affected employee is barred from any other remedy for the same injury or death not only against his or her employer, but also against a co-employee. Wis. Stat. § 102.03(2).[3] This "exclusive remedy" provision also bars wrongful death actions against an employer or

---

[3] The statute makes an exception and allows an employee to pursue other relief from a co-employee "for negligent operation of a motor vehicle not owned or leased by the employer." Wis. Stat. § 102.03(2). However, we have previously held that where an employee, like Morales, is acting in the scope of employment and puts a rental car on a personal credit card with a reasonable expectation of reimbursement by the employer, the car is "leased by the employer," rendering the statutory exception inapplicable. *Ross v. Foote*, 154 Wis. 2d 856, 861, 863, 454 N.W.2d 62 (Ct. App. 1990).

co-employee by the employee's estate or relatives. *See Cohn ex rel. Shindell v. Apogee, Inc.*, 225 Wis. 2d 815, 817–19, 593 N.W.2d 921 (Ct. App. 1999). Therefore, if the accident at issue here is compensable under the Act, the Estate is precluded from maintaining its action against Morales and hence against Enterprise as his insurer.

¶ 6.  The conditions for Worker's Compensation liability are set out in WIS. STAT. § 102.03(1)(a)-(f). The parties agree that Torres sustained an injury and that the injury occurred while he was "performing service growing out of and incidental to his or her employment." *See* paras. (a), (c). There is no dispute that the conditions of paras. (d), (e) and (f) are met. The disagreement between the parties is over para. (b), the requirement that "at the time of the injury, both the employer and employee are subject to the provisions of this chapter." The issue is whether an out-of-state employee and employer are subject to the Act when the employee is injured in Wisconsin in the course of his or her employment.

¶ 7.  To answer this question, we first look to the Act itself. WISCONSIN STAT. § 102.04 identifies who is an "employer[] subject to the provisions of this chapter." Sec. 102.04(1). The section describes several types of entities; the relevant one in this case being "[e]very person who usually employs 3 or more employees, whether in one or more trades, businesses, professions or occupations, and whether in one or more locations."[4] Sec. 102.04(1)(b)1. Notably, this definition contains no mention of in-state location. In contrast, the following

---

[4] There is no direct evidence in the record, but it was apparently assumed below that Electric 3 Wheelers usually employs three or more people, and the Estate has not claimed otherwise on appeal.

subdivision does: "[e]very person who usually employs less than 3 employees, provided the person has paid wages of $500 or more in any calendar quarter for services performed *in this state*." Sec. 102.04(1)(b)2. (emphasis added). Thus it appears that the statute itself contains no requirement that a business usually employing three or more people do so in Wisconsin to be an "employer[] subject to the provisions of this chapter." Neither does the relevant definition of "employee" say anything about the employee's residence or usual place of employment. WIS. STAT. § 102.07(4)(a).

■■

¶ 8.   The Estate is essentially arguing that these territorial limitations are nevertheless implied. We are, as a general rule, reluctant to read limitations into the Worker's Compensation Act. "The Act is a remedial statute that must be liberally construed to afford compensation." *Emmpak Foods, Inc. v. LIRC*, 2007 WI App 164, ¶ 13, 303 Wis. 2d 771, 737 N.W.2d 60 (citation omitted). In fact, specifically regarding the definitions of "employer" and "employee," our supreme court has said that "[t]he only reasonable view is that the language is intended to be as broad as the jurisdiction of the state over the subject matter of the act." *Interstate Power Co. v. Indus. Comm'n*, 203 Wis. 466, 475, 234 N.W. 889 (1931). There is no doubt whatsoever about Wisconsin's jurisdiction over the parties and events in this case. *See Pacific Employers Ins. Co. v. Indus. Accident Comm'n*, 306 U.S. 493, 503 (1939) (noting "the constitutional authority of [a] state to legislate for the bodily safety and economic protection of employees injured within it"); RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 181 (a state may award compensation to an injured worker if "the person is injured in the State").

These general principles militate against restricting the reach of the statute as Torres requests.[5]

¶ 9. And turning to the state's worker's compensation jurisprudence, we find that while no Wisconsin case has presented this exact factual pattern, the courts have nevertheless stated that an in-state injury in the course of employment will trigger worker's compensation, regardless of the employee's residency or the employer's place of business. In *Interstate Power Co.*, a resident of Iowa was killed while working in Wisconsin for a Wisconsin company with its principal offices in Iowa. *Interstate Power Co.*, 203 Wis. at 467–68. The court held that even though the parties had accepted the Iowa worker's compensation law, *id.* at 473, Wisconsin's Act also applied and Wisconsin's worker's compensation agency maintained jurisdiction. *Id.* at 477–78. Though the employer in *Interstate Power Co.* was a Wisconsin company, the court did not dwell on this fact in the opinion. Instead, it focused on the location of the *injury.* "[W]e entertain no doubt that the state of Wisconsin has jurisdiction to regulate the conduct of industries within the state, and to prescribe as one of the conditions upon which performance of an out-of-state contract of hiring shall be permitted in this state, compliance with the provisions of the Wisconsin workmen's compensation act." *Id.* at 474 (citation omitted). *See also id.* at 474–75 (answering "yes," by implication, to the question of whether the Act "was intended to apply to injuries sustained by employees in this state, without regard to the place of contract").

---

[5] We note that one state's application of its worker's compensation laws does not bar another state's application of its own, where each state has proper connections to the parties or events. *See* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 182; *Industrial Comm' n v. McCartin*, 330 U.S. 622, 626, 630 (1947).

¶ 10.   In *Perfect Seal Rock Wool Manufacturing Co.*, 257 Wis. 133, 42 N.W.2d 449 (1950), the employer was in-state; the employee was out-of-state but had come into Wisconsin for training; and the employee's death occurred in North Dakota. *Id.* at 134. The court ultimately denied compensation, *id.* at 139, a result which is not particularly meaningful for this case, given the radically different fact situation. However, the *Perfect Seal* court expressly stated that, if the facts *had been* as they are in this case, the result would be different:   "One injured in Wisconsin while on a mission incidental to his main employment in a sister state will be compensated under the act." *Id. See also id.* at 136 ("If an employee who had worked for a corporation in a neighboring state for ten years were sent by his employer into Wisconsin for a two-week period to perform services, he would be subject to the provisions of the act while in Wisconsin. If injured while here, he would be entitled to the benefits of the Wisconsin act.").[6]

¶ 11.   Despite the plain statements in the above-cited cases, the Estate insists that the fact that the accident occurred in Wisconsin in the course of employment does not by itself subject Torres and his employer to worker's compensation. It argues that "[t]he one essential requisite to liability under the Wisconsin compensation act is employment under such circumstances as to create the status of employer and employee under the Wisconsin act." *Simonton v. DILHR*,

---

[6] *See also McCartin*, 330 U.S. at 623–24, 630 (Supreme Court of the United States holding that an Illinois worker's compensation award did not bar the application of Wisconsin's Act, where employer and employee were Illinois residents and the contract was made in Illinois, but the employee was injured while performing a bricklaying job in Wisconsin.).

379

62 Wis. 2d 112, 120, 214 N.W.2d 302 (1974) (quoted source omitted). It posits that in this case, the employment relation was created and "centered" in Texas, and that it was mere happenstance that Torres died here. It cites *Perfect Seal* and *McKesson-Fuller-Morrison Co. v. Industrial Commission*, 212 Wis. 507, 250 N.W. 396 (1933), for the proposition that "the focus has consistently been on the place where the employment relationship exists."

¶ 12. It is true that the *Perfect Seal* court relied, in part, upon the non-Wisconsin residency of the employee in its decision to deny compensation. *Perfect Seal*, 257 Wis. at 137. However, there is a clear reason for this: the employee primarily worked outside of Wisconsin, had spent only a few days in Wisconsin being trained, and, most crucially, was injured outside Wisconsin. The question in *Perfect Seal* was whether Wisconsin would extend its worker's compensation law beyond its own borders to address an injury *occurring in another state.* Obviously, whether it would do so would depend on what connections the parties had to Wisconsin. Here, the location of the accident *is* the connection. The issue presented in *Perfect Seal* was completely distinct from the issue in this case: whether Wisconsin will apply its Act to an accident occurring *within its own borders.* The *Perfect Seal* court recognized this distinction: "nowhere has the act been applied to a nonresident working under a foreign contract *unless he was injured in Wisconsin." Id.* at 137 (emphasis added).

¶ 13. Thus, contrary to the Estate's argument, we are convinced that Wisconsin's worker's compensation jurisprudence clearly recognizes that an in-state injury in the course of employment will give rise to coverage

under the Act. Further, purely as a matter of logic, we question the Estate's claim that no "employment relationship" existed between Torres and his employer in this state. Torres' employer sent Torres to Wisconsin as a part of his work. Torres was working for his employer when he was injured. In our view, when an employee is working in this state at the behest of his or her employer, that employee and that employer have an "employment relationship" in this state. *See Interstate Power Co.,* 203 Wis. at 476 ("[Employment] status is created when service is performed within the state under a contract of hire, without regard to the question of where the contract was made." (citation omitted)). We therefore conclude that the Worker's Compensation Act applies to the accident here and provides Torres' exclusive remedy with respect to any negligence by Morales.

¶ 14.   This conclusion renders moot several issues that were raised and briefed by the parties:   whether the Texas worker's compensation exclusive remedy provision bars this action; whether a "co-employee exclusion" in the Empire insurance agreement is contrary to public policy; and whether Torres' mother is eligible to bring a wrongful death action under WIS. STAT. § 895.04(2), in view of the fact that Torres is survived by a minor daughter. Because Wisconsin's Worker's Compensation Act bars any action against Morales, we need not and do not decide whether there is insurance coverage or who would be a proper plaintiff.

*By the Court.*—Order affirmed.