DILLON, Judge,
dissenting.
In 2000, Plaintiff Vincent Burley (“Employee”), a Georgia resident, entered into a contract of employment in South Carolina with Defendant U.S. Foods, Inc., (“Employer”), an Illinois-based company, to work as a truck driver. Employee was injured as the result of a work-related accident which occurred in Georgia in 2009. Employee filed this action seeking workers’ compensation benefits in North Carolina; however, the Commission denied the claim, determining that it lacked jurisdiction to make an award. The sole statutory basis which Employee argues on appeal gives the Commission jurisdiction over his claim is N.C. Gen. Stat. § 97-36(i), which provides jurisdiction for out-of-state accidents where “the contract of employment was made in this State[.]” Specifically, Employee argues he agreed to a modification to his contract of employment while attending a business meeting in Charlotte in 2002, and that this modification constituted a “contract of employment ... made in this State[.]” See id. However, I disagree that this modification was sufficient to change the contract’s situs from South Carolina to North Carolina; and, therefore, I would affirm the Commission’s conclusion that it lackéd jurisdiction in this matter. Accordingly, I respectfully dissent.
Employee was initially assigned to Employer’s Columbia, South Carolina drop-yard. In 2002, Employer merged with another company, which resulted in the closing of Employer’s Columbia drop-yard. However, Employee’s employment was never severed. Rather, the parties came to an agreement during a meeting in Charlotte whereby oversight of his job was transferred to Employer’s Charlotte division and his compensation was increased. As the majority points out, though, Employee’s “job title and responsibilities did not change.”
*297 As the majority notes, whether an out-of-state employment contract modified in this State constitutes a “contract of employment. . . made in this State” for purposes of conferring jurisdiction in the Commission under N.C. Gen. Stat. § 97-36(i) for an out-of-state accident has never been directly addressed by a North Carolina appellate court. (Emphasis added.) I believe that, for purposes of conferring jurisdiction for an out-of-state accident based on where the contract of employment was “made[,]” the General Assembly intended that only one state be considered an employment contract’s situs, namely, where the contract “was made[,]” and not also be every state where the contract might have been “modified” over the course of an employee’s tenure.[1] I believe that if the General Assembly had intended to include states where contracts of employment were also modified, and not simply made, within the jurisdictional reach of the Commission, it could have so provided by including the phrase “or modified” in the language of N.C. Gen. Stat. § 97-36(i). “Once a contract has achieved an identifiable situs, that situs is not changed merely because the contract is modified in another state[.]” Larson’s Workers’ Compensation Law § 143.03[4] (2013) (citing Crawford v. Trans World Airline, 27 N.J. Super. 567, 99 A.2d 673 (1953); Tobin v. Rouse, 118 Vt. 40, 99 A.2d 617 (1953); United Airlines v. Industrial Commission, 96 Ill. 2d 126, 449 N.E.2d 119 (1983)).[2]
Following the majority’s reasoning, the Commission gains jurisdiction over an out-of-state contract of employment if the modification of any contract term is agreed to by one of the parties while that party happens to be in North Carolina; and, further, the Commission loses jurisdiction over a contract of employment made in North Carolina if the *298 modification of any term of that North Carolina contract is agreed to by one of the parties while that party happens to be in another state. I disagree with this reasoning and do not believe that our General Assembly intended that — for purposes of conferring jurisdiction based on contracts of employment “made” •— a contract of employment is deemed made, not where the employer-employee relationship is established, but rather where any term of the employment agreement is last modified. Accordingly, I would vote to affirm the decision of the Commission that it lacked jurisdiction to award benefits to Employee.

. The scope of my dissent is based on the facts of this case. I recognize that there could be situations where a modification may be so significant that it could be deemed that a new contract of employment was “made[,]” thereby changing the situs of the employment contract. For example, in this case had Employee accepted an offer to move to Employer’s Illinois headquarters to manage one of its divisions, it might be said that - for purposes of conferring jurisdiction under N.C. Gen. Stat. § 97-36(i) - the parties “made” a new contract of employment. However, I do not believe the changes that were actually made at the Charlotte meeting to Employee’s contract - where he remained employed and his role did not fundamentally change - rise to the level of making of new contract of employment.

. Though an opinion stated in Larson’s is not binding authority on this Court, this treatise has been cited with approval by our courts on a number of occasions, see, e.g., Shaw v. U.S. Airways, 362 N.C. 457, 461, 665 S.E.2d 449, 452 (2008); Gore v. Myrtle/ Mueller, 362 N.C. 27, 36, 683 S.E.2d 404, 406-07 (2007); Taft v. Brinley’s, _ N.C. App. _, _, 738 S.E.2d 741, 744-45 (2013); and I find the above-quoted statement contained in Larson’s concerning the issue in this case to be persuasive.