ESTHER GOTKIN, PETITIONER-RESPONDENT, v. BERTRAM U. WEINBERG ET AL., RESPONDENTS-APPELLANTS.

Argued May 9, 1949—Decided May 26, 1949.

*Mr. Bertram U. Weinberg, pro se,* of the Pennsylvania Bar (*Mr. Joseph A. Fuerstman* and *Mr. Frank A. Boettner,* attorneys) argued the cause for the respondents-appellants.

*Mr. John A. Laird* (*Mr. David Roskein,* attorney) argued the cause for the petitioner-respondent.

The opinion of the court was delivered by

OLIPHANT, J. Respondents-appellants appeal from a judgment of the former Supreme Court dismissing a writ of *certiorari* granted to review a determination of the Workmen's Compensation Bureau awarding petitioner compensation for

permanent disability sustained in a fall on July 12, 1944. That the accident occurred in the course of and arose out of the employment is not disputed.

Petitioner, a resident of New Jersey, was employed under a written contract, made and executed in New Jersey, to act as a "Camp Mother" at a camp for boys and girls conducted by appellants, as a partnership, in Pennsylvania under the name of Pocono Highland Camps. She was to be compensated by free tuition for her son, the cost of which was $350. This was found below to be the wages for her services and not the cost to the camp.

Appellants maintained an office in this state and petitioner attended two pre-seasonal counsellor's meetings in Newark and assisted with the departure of a group of campers from a Newark railroad station on one occasion. Except for these isolated instances petitioner's activities were all to be performed in Pennsylvania and a clause in the contract of employment provided "It is agreed that this contract is to be interpreted in accordance with the laws of the Commonwealth of Pennsylvania, * * *."

The principal and sole meritorious contention made by appellants is that as the contract called for services to be performed in Pennsylvania exclusively this state lacked jurisdiction, and further that the contract was a Pennsylvania contract both by implied intention of the parties and by express intention under the contract.

The law is firmly established that when a contract of employment is made in this state it is immaterial whether the compensable accident occurs here or elsewhere. *Rounsaville v. Central R. R. Co.*, 87 *N. J. L.* 371 (*Sup. Ct.* 1915); reversed on other grounds, 90 *N. J. L.* 176 (*E. & A.* 1917); *Hi-Heat Gas Co. v. Dickerson*, 12 *N. J. Misc.* 151 (*Sup. Ct.* 1934); affirmed, 113 *N. J. L.* 329 (*E. & A.* 1934); *Steinmetz v. Snead & Co.*, 123 *Id.* 138 (*Sup. Ct.* 1939); *Miller v. National Chair Co.*, 127 *Id.* 414 (*Sup. Ct.* 1941); affirmed, 129 *Id.* 98 (*E. & A.* 1942); *Penna. Mfgrs., etc., Ins. Co. v. Schmerbeck*, 128 *Id.* 180 (*Sup. Ct.* 1942); affirmed, 131 *Id.* 159 (*E. & A.* 1944).

██ ██ Our scheme of compensation, set forth in article 2 of the act, *R. S.* 34:15–7 *et seq.,* enters by operation of law into every contract of hiring made in this state unless there be an affirmative rejection of the plan for the alternative common law liability for negligence as modified by the provisions of article 1 of the act. The declared public policy of article 2 precludes any other recovery or measure of compensation in cases governed by its terms. *R. S.* 34:15–39 provides that no agreement made before the happening of an accident, except the agreement defined in *R. S.* 34:15–7, shall be valid and any such agreement is declared against public policy. This state has the power to ordain the legal consequences that shall attach to a contract made in this state, without regard to any stipulation of the parties themselves. The common interest vindicates any incidental restraint upon the liberty of contract. *Miller v. National Chair Co., supra.*

██ ██ Neither the implied intention of the parties respecting the law which was to govern their contract, if there was any such, nor any express intention, as appellant asserts is contained in the contract, can vitiate the statute laws and declared public policy of this state. The case of *Mayer v. Roche,* 77 *N. J. L.* 681 (*E. & A.* 1909), is not applicable or in conflict.

Judgment affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For reversal*—None.