722 A.2d 110 (1998)
317 N.J. Super. 315
William J. CONNOLLY, Petitioner-Respondent,
v.
PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued December 9, 1998.
Decided December 28, 1998.
Michael Driscoll for respondent-appellant (Hugh H. Welsh, New York City, attorney; Christopher J. Neumann, New York City, on the brief).
Alfred G. Osterwell for petitioner-respondent (Cynthia A. Rollenhagen, attorney; D.
*111 John McAusland, Englwood Cliffs, on the brief).
Before Judges CONLEY, A.A. RODRÍGUEZ and KIMMELMAN.
The opinion of the court was delivered by CONLEY, J.A.D.
Does the New Jersey Workers' Compensation Court have subject matter jurisdiction over a compensation claim against the Port Authority of New York and New Jersey by an employee who has no contact with New Jersey either in terms of his employment relationship with the Port Authority, his location of employment, his residency or the place of the accident? Despite the unreported Appellate Division opinions to the contrary,[1] the Workers' Compensation Judge held that jurisdiction did lie in New Jersey based entirely on the bi-state nature of the Port Authority, regardless of the presence or absence in New Jersey of the usual jurisdictional grounding factorsplace of injury, place of employment contract or hiring, location of the employer/employee relationship, and/or the employee's residency. We disagree and reverse.
We preface our discussion, however, by emphasizing the narrowness of the precise issue before us. The particular claim petition involved in this appeal was only one of a number of petitions that had been filed in the New Jersey Workers' Compensation Court by Port Authority employees. As we understand it the indicia of New Jersey jurisdiction varied. For jurisdiction purposes, the cases were placed in one of four categories of employees: 1) employees who lived and were based in New York; 2) employees who lived in New York but who were assigned to the Central Police Pool; 3) employees who lived in New York, were assigned to the central pool and who were injured during that assignment; 4) employees who lived in New Jersey. As we understand it, petitioner here was placed into the first group. Thus, while the Workers' Compensation Judge found New Jersey jurisdiction in all of the cases, the Port Authority has appealed only the determination as to petitioner William Connolly. We decide the jurisdictional issue only in the context of the specific jurisdictional facts present in his case. Our opinion, therefore, should be construed no broader than those facts.
Petitioner began his employment with the Port Authority in 1954 and worked until his retirement in 1987. The claim petition before us, filed in 1988, alleges an occupational hearing loss as a result of exposure to loud noises.[2] Petitioner has always been a resident of New York and was hired at the Port Authority New York offices. His initial employment was as a building and grounds attendant and he then became an electrician's helper. During the course of his employment with the Port Authority, petitioner worked at the LaGuardia Airport, at the Idlewild Airport (now the Kennedy International Airport) and at the Brooklyn Piers. His employment locations have all been within New York. During his thirty-three years with the Port Authority, he was in New Jersey for one day when, during his employment, he was offered, but rejected, a helper's job in the Holland Tunnel. Because petitioner has lived and worked entirely in New York, he has not paid New Jersey taxes or had New Jersey taxes withheld from his paycheck. Petitioner also never filed a New Jersey non-resident tax return.
We begin with the principle that the Workers' Compensation Court is statutory, with limited jurisdiction. Young v. Western Electric Co., Inc., 96 N.J. 220, 225, 475 A.2d 544 (1984); Riccioni v. American Cyanamid, 26 N.J.Super. 1, 4, 96 A.2d 765 (App. *112 Div.), certif. denied, 13 N.J. 289, 99 A.2d 450 (1953). Unlike some states, New Jersey's Workers' Compensation Act does not have an extra-territorial jurisdiction provision and each case, therefore, requires consideration of the particular facts. And see Roberts v. United States Steel Corporation, Fairless Works, 125 N.J.Super. 480, 484, 311 A.2d 754 (App.Div.1973) ("[w]e look to the substance of the employment relationnot to the form.").
Because a Workers' Compensation Court may apply only its own state law to award a compensation benefit, frequently the issue of jurisdiction over an out-of-state injury, such as petitioner's New York employment caused alleged hearing loss, becomes mixed with a choice-of-law analysis. Thus, generally it has been said that:
Any state having a more-than-casual interest in a compensable injury may apply its compensation act to that injury without violating its constitutional duty to give full faith and credit to the compensation statutes of other states also having an interest in the injury. Among the factors which, if occurring within the state, will give rise to such a legitimate interest are: The making of the contract, the occurrence of the injury, the existence of the employment relation, and possibly also the residency of the employee and the localization of the employer's business.
[9 Larson's Workers' Compensation Law § 86:00 at 16-55 (1997) (Larson's ).]
In § 86.10, Larson's sets forth six grounds "on which the applicability of a particular compensation act has been asserted":
(1) Place where the injury occurred;
(2) Place of making the contract;
(3) Place where the employment relation exists or is carried out;
(4) Place where the industry is localized;
(5) Place where the employee resides; or
(6) Place whose statute the parties expressly adopted by contract.

[9 Larson's § 86.10 at 16-55.]
The treatise further states:
When one of these falls within the local state, and some or all of the others occur in another state, the question arises whether the local state can apply its statute without being accused of denying full faith and credit to the statute of the other. As matters now stand, it is clear that the state which was the locus of any one of the first three itemscontract, injury or employment-and probably also of the next two employee residence and business localizationcan constitutionally apply its statute if it wants to.

[9 Larson's § 86.10 at 16-55 to 16-56.]
As we read the Compensation Judge's decision here, and as petitioner argues, the "place where the industry is localized" was considered to be determinative. Since the Port Authority can be said to be "localized" in both states, Lieberman v. Port Authority of New York and New Jersey, 132 N.J. 76, 81-82, 622 A.2d 1295 (1993) ("[t]he Port Authority controls Newark, Teterboro, Kennedy, and LaGuardia Airports; two heliports; seven marine terminals; three industrial parks; the World Trade Center; the PATH train system; the Lincoln and Holland Tunnels; the Bayonne, Goethals, and George Washington Bridges; the Outerbridge Crossing; and the [Port Authority Bus] Terminal."), jurisdiction could be posited in either state.
Certainly we have recognized the summary of grounds in Larson's set forth in § 86.10 as a list of "valid bases for jurisdiction in the field of workmen's compensation law." Wenzel v. Zantop Air Transport, Inc., 94 N.J.Super. 326, 333, 228 A.2d 104 (Cty.Ct.), aff'd o.b., 97 N.J.Super. 264, 235 A.2d 29 (App.Div. 1967). See Beeny v. Teleconsult, Inc., 160 N.J.Super. 22, 26-27, 388 A.2d 1269 (App. Div.1978).
But thus far, we know of no case in this jurisdiction or any other that has adopted such a broad base for jurisdiction as was done here, that is the presence of the employer in this state solely by virtue of its bi-state existence, and where there are virtually no New Jersey employer/employee contacts, or any other New Jersey contacts incidental to the alleged injury or occupational loss or the employee himself. Traditionally, an injury in New Jersey will trigger jurisdiction in the New Jersey compensation court. *113 Boyle v. G. & K. Trucking Co., 37 N.J. 104, 108, 179 A.2d 514 (1962). So too where New Jersey is the place of the employment contract or hiring. Gotkin v. Weinberg, 2 N.J. 305, 307, 66 A.2d 438 (1949); Rivera v. Green Giant Co., 93 N.J.Super. 6, 11, 224 A.2d 505 (App.Div.1966), aff'd o.b., 50 N.J. 284, 234 A.2d 393 (1967). The employee's New Jersey residency appears, as well, to be sufficient, Bunk v. Port Authority of New York and New Jersey, 144 N.J. 176, 180-81, 676 A.2d 118 (1996), at least where there are also some employment contacts in New Jersey, Parks v. Johnson Motor Lines, 156 N.J.Super. 177, 180-81, 383 A.2d 734 (App.Div. 1978); Beeny v. Teleconsult, Inc., supra, 160 N.J.Super. at 27-28, 388 A.2d 1269.
Finally, where there exists neither location of the injury, location of the employment contract or hiring, or residency of the employee in New Jersey, jurisdiction may still arise where the "composite employment incidents present a[n] ... identification of the employment relationship with this State." Phillips v. Oneida Motor Freight, Inc., 163 N.J.Super. 297, 303, 394 A.2d 891 (App.Div.1978). In Phillips, the petitioner had filed a dependency claim petition for New Jersey workers' compensation based upon her husband's death while driving a truck in New York for respondent employer. He had resided in Pennsylvania and was hired in Pennsylvania. But respondent's main terminal was located in New Jersey and it was out of that terminal that the decedent received his trip instructions and from which he usually departed for his out-of-state runs. Under these circumstances, we held that the presence in New Jersey of "the employment situs or relationship alone" was sufficient to establish New Jersey jurisdiction. Id. at 301, 394 A.2d 891. It was, then, not the mere presence of the respondent/employer in New Jersey that was deemed sufficient but rather the "strong case of employment situs" in this State, id. at 304, 394 A.2d 891, or the "functional relationship of the work to the State," id. at 303, 394 A.2d 891.
As we have said, jurisdiction was assumed here because Port Authority, as a bi-state entity, has a New Jersey "localization." But that factor, though it can be one of several considerations, is not sufficient ipso facto to establish jurisdiction. Larson's for instance, has observed:
The state in which the employee's business is localized has a relevant interest in a compensable injury ... since the obligation side of the compensation relation is as much a part of that relation as the benefit side, and since the burden of payment would ordinarily fall most directly on the employer and community where the industry is centered. But, except for an early period in Minnesota, this factor has never been held sufficient in itself to confer jurisdiction over out-of-state injuries. In a few states, however, it is relevant in conjunction with other tests.
[9 Larson's § 87.50 at 16-157 to 16-158 (emphasis added).]
See Puckett v. Bd. of Review of Industrial Comm'n of Utah, 734 P.2d 468 (Utah 1987); Matter of Gneiting, 897 P.2d 1306 (Wyo. 1995).
On the other hand, Larson's asserts that:
In the majority of states, the local statute will be applied [and jurisdiction asserted] if the place of injury, or the place of hiring, or the place of employment relation is within the state. Two-thirds of the states will take jurisdiction of out-of-state injuries if either the place of hiring or the place of employment relation is within the state. These two factors figure in most of the other states in different combination.

[9 Larson's § 87.00 at 16-78.]
As we have already indicated, to this list New Jersey would add the residency of the employee. Bunk v. Port Authority, supra, 144 N.J. at 181, 676 A.2d 118. Cf. Lieberman, supra, 132 N.J. at 84, 622 A.2d 1295; Rose v. Port of New York Authority, 61 N.J. 129, 140, 293 A.2d 371 (1972).
Here, there was no indication of an employment relationship between the Port Authority and petitioner present in New Jersey, petitioner was not hired in New Jersey, did not live in New Jersey, did not work in New Jersey, and his occupational hearing loss did not occur in New Jersey. We see no basis for New Jersey jurisdiction on these facts. The bi-state nature of the Port Authority is *114 simply not a sufficient factor to trigger jurisdiction. Cf. Rose v. Port of New York Authority, supra, 61 N.J. at 140, 293 A.2d 371 ("the defendant [is] a bi-state governmental agency in which this State has an interest no different than that of New York.").
We briefly comment on petitioner's reliance upon the Port Authority's waiver of sovereign immunity and consent to suit set forth in N.J.S.A. 32:1-157 and N.J.S.A. 32:1-162. N.J.S.A. 32:1-157 provides:
Upon the concurrence of the State of New York in accordance with section twelve hereof [N.J.S.A. 32:1-168], the States of New York and New Jersey consent to suits, actions or proceedings of any form or nature at law, in equity or otherwise (including proceedings to enforce arbitration agreements) against the Port of New York Authority (hereinafter referred to as the "Port Authority"), and to appeals therefrom and reviews thereof, except as hereinafter provided in sections two through five, inclusive, hereof [N.J.S.A. 32:1-158 to -161].

[Emphasis added.]
N.J.S.A. 32:1-162 provides:
The foregoing consent is granted upon the condition that venue in any suit, action or proceeding against the Port Authority shall be laid within a county or a judicial district, established by one of said States or by the United States, and situated wholly or partially within the Port of New York District. The Port Authority shall be deemed to be a resident of each such county or judicial district for the purpose of such suits, actions or proceedings. Although the Port Authority is engaged in the performance of governmental functions, the said two States consent to liability on the part of the Port Authority in such suits, actions or proceedings for tortious acts committed by it and its agents to the same extent as though it were a private corporation.

[Emphasis added.]
N.J.S.A. 32:1-157 does no more than establish consent to suit in New Jersey and 32:1-162 establishes venue. Neither is dispositive of subject-matter jurisdiction of New Jersey's Workers' Compensation Court over an out-of-state occupation injury or loss. See New Jersey D.E.P. v. Middlesex Cty. Bd. of Chosen Freeholders, 206 N.J.Super. 414, 420, 502 A.2d 1188 (Ch.Div.1985), aff'd o.b., 208 N.J.Super. 342, 506 A.2d 13 (App.Div.1986) ("[v]enue requirements are not jurisdictional. Rather, they are rules of practice designed to place litigation at a location convenient to parties and witnesses.").
Reversed and remanded for the entry of an order dismissing petitioner's claim petition No. 88-286637.
NOTES
[1] Hart v. Port Authority of New Jersey and New York, No. A-3432-78 (App.Div.1980); Brown v. The Port of New York Authority, No. A-2956-72 (App.Div.), certif. denied, 65 N.J. 286, 321 A.2d 247 (1974).
[2] Following an evidentiary hearing on his hearing loss claim, petitioner was awarded a 22 1/2% binaural hearing loss. Petitioner had also filed a claim petition for a work related back injury arising from an accident on July 26, 1986. In addition to filing that claim in New Jersey, he had also filed a similar claim in New York. When petitioner ultimately received a Workers' Compensation award in New York on the back injury, he voluntarily dismissed his New Jersey back injury petition.