NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-3450-15T4

KEITH WILLIAMS,

     Petitioner-Appellant,

v.

RAYMOURS FURNITURE CO., INC.,

     Respondent-Respondent.

_____

<table>
<tr><td>APPROVED FOR PUBLICATION</td></tr>
<tr><td>April 19, 2017</td></tr>
<tr><td>APPELLATE DIVISION</td></tr>
</table>

        Submitted March 15, 2017 — Decided April 19, 2017

        Before Judges Alvarez, Accurso and Manahan.

        On appeal from the New Jersey Department of
        Labor, Division of Workers' Compensation,
        Claim Petition No. 2015-21874.

        Michael S. Harwin, attorney for appellant.

        The Chartwell Law Offices, LLP, attorneys
        for respondent (Brittany Atkinson, on the
        brief).

    The opinion of the court was delivered by

ACCURSO, J.A.D.

    Petitioner Keith Williams appeals from the dismissal of his

claim petition by the Division of Workers' Compensation for lack

of jurisdiction.  Because we conclude the judge of compensation

erred in concluding the Division was without jurisdiction to consider Williams' claim, we reverse.

The essential facts are undisputed. Williams, a New Jersey resident, filed an online application for employment with respondent Raymours Furniture Co., Inc. Respondent called Williams at his home in Paterson to arrange an interview at respondent's facility in Suffern, New York. Following that interview, respondent telephoned Williams at his home to offer him a job as a warehouse worker in its shipping and receiving department in Suffern. Williams answered the phone and accepted the job.

Williams worked exclusively in respondent's Suffern warehouse. In 2014, he claimed he tripped over a hand truck in the course of his employment and fractured his elbow. The New York Workers' Compensation Board directed respondent to provide Williams medical treatment and indemnity benefits.

A little over a year after the accident, Williams filed a claim petition in New Jersey.[1] Respondent answered, leaving petitioner to his proofs as to all aspects of compensability and

---

[1] Williams' New York petition does not pose an obstacle to jurisdiction here or raise an issue of comity. The law is well settled that a pending workers' compensation proceeding or award in another state does not bar a workers' compensation proceeding in New Jersey. See Williams v. A & L Packing & Storage, 314 N.J. Super. 460, 465-66 (App. Div. 1998), and cases cited therein.

raised the affirmative defense of lack of jurisdiction. Williams subsequently filed a motion to strike the affirmative defense, which the judge of compensation denied in a brief opinion from the bench dismissing Williams' claim with prejudice. The judge found "[e]verything took place basically in New York except for the residency of Mr. Williams." Because the accident occurred in New York where Williams regularly worked, the judge concluded there was "no reason for New Jersey to assert jurisdiction."

On appeal, Williams contends the judge erred in concluding New Jersey was without jurisdiction to resolve his claim petition. Among other things, he argues his residency and the formation of the contract in New Jersey are sufficient to confer jurisdiction on the Division. We agree.

Because the question before us is one of law, our review is de novo. Sentinel Ins. Co. v. Earthworks Landscape Constr., L.L.C., 421 N.J. Super. 480, 485-86 (App. Div. 2011). It is, of course, axiomatic that "the Workers' Compensation Court [now Division] is statutory, with limited jurisdiction." Connolly v. Port Auth. of N.Y. & N.J., 317 N.J. Super. 315, 318 (App. Div. 1998). Because its jurisdiction is statutory, it "is limited to that granted by the Legislature and therefore 'cannot be inflated by consent, waiver, estoppel or judicial inclination.'"

Bey v. Truss Sys., Inc., 360 N.J. Super. 324, 327 (App. Div. 2003) (quoting Riccioni v. American Cyanamid Co., 26 N.J. Super. 1, 5 (App. Div. 1953)).

New Jersey's Workers' Compensation Act, N.J.S.A. 34:15-1 to -146, does not have an extraterritoriality provision. See Williams v. Port Auth. of N.Y. & N.J., 175 N.J. 82, 88 (2003). We, however, break no new ground in acknowledging that "[a]ny state having a more-than-casual interest in a compensable injury may apply its compensation act to that injury without violating its constitutional duty to give full faith and credit to the compensation statutes of other states also having an interest in the injury." Connolly, supra, 317 N.J. Super. at 319 (quoting 9 Larson's Workers' Compensation Law § 86:00 at 16-55 (1997)).

Professor Larson notes six grounds for asserting applicability of a particular state's compensation act:

>    (1) Place where the injury occurred;
>
>    (2) Place of making the contract;
>
>    (3) Place where the employment relation exists or is carried out;
>
>    (4) Place where the industry is localized;
>
>    (5) Place where the employee resides; or
>
>    (6) Place whose statute the parties expressly adopted by contract.
>
>    [13 Larson's Workers' Compensation Law § 142.01 (Matthew Bender, Rev. Ed. 2016).]

Larson has long expressed the view "that the state which was the locus of any one of the first three items — contract, injury or employment — and probably also of the next two — employee residence and business localization — can constitutionally apply its statute if it wants to." Ibid. New Jersey law is in accord. See Williams, supra, 175 N.J. at 88; Connolly, supra, 317 N.J. Super. at 319-22.

Following "the principle that New Jersey generally will take jurisdiction and apply its Act when the State has a substantial interest," Williams, supra, 175 N.J. at 90, our courts have found jurisdiction where New Jersey is the place where the injury occurred, Boyle v. G. & K. Trucking Co., 37 N.J. 104, 112 (1962), where the petitioner was hired or the employment contract formed, Gotkin v. Weinberg, 2 N.J. 305, 307 (1949); Rivera v. Green Giant Co., 93 N.J. Super. 6, 11 (App. Div. 1966), aff'd o.b., 50 N.J. 284 (1967), where the employment is carried out, Phillips v. Oneida Motor Freight, Inc., 163 N.J. Super. 297, 303 (App. Div. 1978), and where the petitioner is a resident, Bunk v. Port Auth. of N.Y. & N.J., 144 N.J. 176, 180-81 (1996), at least where there exist some employment contacts here, Parks v. Johnson Motor Lines, 156 N.J. Super. 177, 180-81

(App. Div. 1978); <u>Beeny v. Teleconsult, Inc.</u>, 160 <u>N.J. Super.</u> 22, 27-28 (App. Div. 1978).[2]

As the facts are undisputed that Williams accepted employment from respondent by "speak[ing] the words of acceptance into the telephone," thereby establishing New Jersey as the place the contract was created, <u>see</u> 1 <u>Corbin on Contracts</u> § 3.25 (Perillo ed. 1993); <u>Restatement (Second) of Contracts</u> § 64 comment c (1981); <u>Filson v. Bell Tel. Labs., Inc.</u>, 82 <u>N.J. Super.</u> 185, 190 (App. Div. 1964) (noting "[a] contract is made at the place where the final act necessary for its formation is done"), the law is clear that New Jersey is an appropriate forum for resolution of petitioner's claim petition, <u>see</u> <u>Gotkin</u>, <u>supra</u>, 2 <u>N.J.</u> at 307; <u>Rivera</u>, <u>supra</u>, 93 <u>N.J. Super.</u> at 11, certainly in conjunction with his residency here, <u>see</u> <u>Parks</u>, <u>supra</u>, 156 <u>N.J. Super.</u> at 180-81; <u>Beeny</u>, <u>supra</u>, 160 <u>N.J. Super.</u>

---

[2] The qualifier of employment contacts here is commonly employed because although the Supreme Court stated in <u>Bunk</u> that "[a]s a resident of New Jersey, Bunk can bring his action in New Jersey," 144 <u>N.J.</u> at 181, jurisdiction was not contested there, making the Court's statement dicta. Although the point is not critical here as New Jersey is both the place of Williams' residence and where he was hired, we note that dicta of the Supreme Court is binding on us. <u>State v. Breitweiser</u>, 373 <u>N.J. Super.</u> 271, 282-83 (App. Div. 2004) ("[A]s an intermediate appellate court, we consider ourselves bound by carefully considered dictum from the Supreme Court."), <u>certif. denied</u>, 182 <u>N.J.</u> 628 (2005).

A-3450-15T4

at 27-28.  <u>Gomez v. Federal Stevedoring Co., Inc.</u>, 5 <u>N.J. Super.</u> 100 (App. Div. 1949), is not to the contrary.[3]

Because petitioner accepted respondent's offer of employment in New Jersey and resides here, the Division has jurisdiction to adjudicate his claim petition.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] Respondent argues that <u>Gomez</u> stands for the proposition that both offer and acceptance "have to occur in New Jersey to confer jurisdiction for purposes of workers' compensation benefits." None of our cases, including <u>Gomez</u>, says so.  A contract is formed upon acceptance.  Thus the focus in <u>Gomez</u> was on where the petitioner assented to the offer of employment, not whether it was extended by the employer in New York or its agent in New Jersey.  5 <u>N.J. Super.</u> at 103 ("[T]he offer was accepted in this State by petitioner's acts."); <u>see also</u> <u>Bowers v. Am. Bridge Co.</u>, 43 <u>N.J. Super.</u> 48, 55 (App. Div. 1956) ("Agency apart, the acceptance by petitioner in Trenton of the employment opportunity offered him so as to fix the <u>situs</u> of contract in New Jersey is adequately established by his action in signifying his assent to the proposal at the union hall in Trenton and in proceeding at once to Morrisville.").