**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5446-15T3

ERIC APPERMAN,

    Petitioner-Appellant,

v.

VISITING NURSE ASSOCIATION
OF WESTFIELD,

    Respondent-Respondent.

_____

Argued October 11, 2017 – Decided October 30, 2017

Before Judges Yannotti, Carroll and Leone.

On appeal from New Jersey Department of Labor & Workforce Development, Division of Workers' Compensation, Claim Petition No. 2004-12557.

Pablo N. Blanco argued the cause for appellant (Livingston DiMarzio, LLP, attorneys; Mr. Blanco, on the brief).

David P. Kendall argued the cause for respondent (New Jersey Manufacturers Insurance Co., attorneys; Ann DeBellis, of counsel; Mr. Kendall and Brittney Kern, on the brief).

PER CURIAM

    In this workers' compensation case, the judge of compensation interpreted N.J.S.A. 34:15-13 to limit the payment of dependency

benefits to an incapacitated adult child to 450 weeks. On appeal, petitioner Eric Apperman challenges that interpretation, which resulted in the denial of his application to enforce a settlement order that would have continued benefits to his disabled adult son beyond the statutory 450-week period. For the reasons that follow, we affirm.

## I.

The essential facts are undisputed. Phyllis Apperman was employed by respondent Visiting Nurse Association when she tragically died in a motor vehicle accident in December 2003. Respondent was insured by New Jersey Manufacturers Insurance Co. (NJM) for workers' compensation and admitted the fatal accident was work related.

Phyllis was survived by her husband, Eric, and their adult disabled son, Harold. Harold was thirty-four years old when the accident occurred, and had been adjudicated an incapacitated person in 1988.

Eric Apperman filed a claim petition in April 2004, seeking dependency benefits for himself and Harold. The parties reached a negotiated settlement on February 23, 2007. On the record, NJM's counsel stated:

> Your Honor, this is a dependency claim where dependency benefits had been paid to [Eric]

who has since remarried and his claim has been completed.

However, we are here today as he [has] requested benefits for his son as a dependent, and we do stipulate that the son is incompetent and should receive dependency benefits at the amount of [fifty] percent of Phyllis Apperman's wages of $800. So, he will get $400 per week <u>for 450 weeks and continuing as long as he remains incompetent.</u> Payments shall date back to March 4, 2005.

[(Emphasis added).]

The compensation judge entered an order approving the settlement. The order contained an executed addendum stating that Harold's dependency benefits "shall continue for 450 weeks and shall be paid thereafter pursuant to <u>N.J.S.A.</u> 34:15-12(b) et seq."

NJM terminated Harold's dependency benefits on October 17, 2013, after 450 weeks of payment. On February 25, 2014, NJM notified Eric that "[n]o further benefits are payable at this time."

Eric then filed an application to enforce the order of settlement and compel NJM to resume payment of Harold's dependency benefits. Eric argued that the terms of the settlement were specifically negotiated to protect Harold for life, and that both parties interpreted the dependency statute to provide for lifetime dependency benefits. NJM opposed the application, arguing it had no legal obligation to pay dependency benefits past the statutory

450-week period, and that inclusion of the language regarding continued benefits thereafter was a mistake of law.

Because the compensation judge who approved the 2007 settlement had retired, the matter was assigned to another compensation judge, who denied the application. In a detailed written opinion, the judge found that N.J.S.A. 34:15-13 controlled the payment of dependency benefits, and "reveal[ed] no provision whatsoever for the extension of the 450[-]week dependency benefit period for a disabled child." Although the judge was "persuaded that the plain language of the statute as written does not provide for [lifetime] dependency benefits to an incapacitated child," she looked to the legislative history of the Workers' Compensation Act since its initial adoption in 1911. The judge "conclude[d] that the [L]egislature has repeatedly amended this statute to increase benefits. None of these amendments address[] the issue of lifetime benefits for incapacitated children . . . [and] there was no legislative intent to create such a benefit."

The compensation judge further noted that N.J.S.A. 34:15-12(b) addresses benefits payable to an injured employee and not his or her dependents. As such, the judge found the reference to that statute in the addendum to the settlement order was erroneous, and "that NJM's agreement to pay dependency benefits to Harold

Apperman post the 450 weeks and continuing as long as he remains incompetent was a mistake of law."  This appeal followed.

## II.

Our review of factual findings by a judge of compensation is limited.  Renner v. AT&T, 218 N.J. 435, 448 (2014) (citing Close v. Kordulak Bros., 44 N.J. 589, 599 (1965)).  "However, 'interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference.'"  Ibid.  (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).  Both parties agree that this case turns on an issue of law, namely the interpretation of N.J.S.A. 34:15-13(i) and (j) regarding the payment of dependency benefits to an incapacitated adult.  Accordingly, our review is de novo.  Williams v. Raymours Furniture Co., Inc., 449 N.J. Super. 559, 562 (App. Div. 2017) (citing Sentinel Ins. Co. v. Earthworks Landscape Constr., L.L.C., 421 N.J. Super. 480, 485-86 (App. Div. 2011)).

In determining the meaning of a statute, as we are required to do here, the first step is always to consider its plain language.  Oberhand v. Dir., Div. of Taxation, 193 N.J. 558, 568 (2008).  We construe that language in light of the entire statute and the overall statutory scheme.  Cty. of Bergen Emp. Benefit Plan v. Horizon Blue Cross Blue Shield of N.J., 412 N.J. Super. 126, 132 (App. Div. 2010).  "When the language in a statute 'is

clear and unambiguous, and susceptible to only one interpretation,' we presume the Legislature meant what it said and that the plain meaning governs." Ibid. (quoting Burnett v. Cty. of Bergen, 198 N.J. 408, 421 (2009)).

N.J.S.A. 34:15-13, in pertinent part, provides:

> (i) In computing compensation to those [dependents] named in this section . . . only those under 18 or over 40 years of age shall be included[,] and then[,] only for that period in which they are under 18 or over 40; provided, however, that payments to such physically or mentally deficient persons as are for such reason dependent shall be made during the full compensation period of 450 weeks.
>
> (j) The compensation shall be paid, in the case of a surviving spouse . . . during the entire period of survivorship or until such surviving spouse shall remarry and, in the case of other dependents, during 450 weeks and if at the expiration of 450 weeks there shall be one or more dependents under 18 years of age, compensation shall be continued for such dependents until they reach [the age of majority].
>
> [(Emphasis added).]

On appeal, Eric Apperman argues that under N.J.S.A. 34:15-13, Harold is entitled to continued dependency benefits for as long as he is disabled. He recognizes that the statute does not explicitly provide for benefits for life, but argues the Legislature's use of the phrase "full compensation period" was a reference to N.J.S.A. 34:15-12(b). He contends that otherwise

there would be an unintentional omission in the statute because subsection (i) permits payment of dependency benefits to both minor children and mentally or physically deficient persons, while subsection (j) provides for continuation of benefits beyond 450 weeks for minor dependents who continue in minority but not for adult children who remain incapacitated. Eric contends the Legislature did not intend to terminate benefits for adult incompetent dependents such as Harold based on this gap in the statute.

Eric's argument fails to recognize that "[t]he court's task is to construe the [statute] as written." U.S. Bank, N.A. v. Hough, 210 N.J. 187, 199 (2012). As written, section 13(j) unambiguously limits dependency benefits for dependents (including incapacitated dependents) still above the age of majority to 450 weeks, while section 13(i) allows benefits for incapacitated dependents still under the age of majority at the close of 450 weeks to continue until the age of majority is attained. Furthermore, the phrase "the full compensation period of 450 weeks" does not confer benefits beyond 450 weeks, or refer to N.J.S.A. 34:15-12(b), which addresses injured employees not dependents. Based on the statute's plain language, Eric's contention regarding a statutory omission warrants no further discussion.

We further conclude that this interpretation of the dependency statute does not conflict with the overall statutory scheme embodied in the Workers' Compensation Act, N.J.S.A. 34:15-1 to -142 (the Act). As Eric correctly points out, because of its remedial nature, the Act must be construed liberally. Wood v. Jackson Twp., 383 N.J. Super. 250, 253 (App. Div. 2006) (citation omitted). Nonetheless, in Wood we further observed:

> The Workers' Compensation Act (the Act) is "humane social legislation designed to place the cost of a work connected injury upon the employer who may readily provide for it as an operating expense." . . . Thus, the Act has consistently been accorded liberal construction. That being said, the preference toward liberal construction must nevertheless "be constrained by the plain meaning of the statute and the underlying purpose of the legislature."
>
> [Id. at 253-54 (emphasis added) (citations omitted).]

We have also recently observed that:

> It is, of course, axiomatic that "the Workers' Compensation Court [now Division] is statutory, with limited jurisdiction." Connolly v. Port Auth. of N.Y. & N.J., 317 N.J. Super. 315, 318 (App. Div. 1998). Because its jurisdiction is statutory, it "is limited to that granted by the Legislature and therefore 'cannot be inflated by consent, waiver, estoppel or judicial inclination.'" Bey v. Truss Sys., Inc., 360 N.J. Super. 324, 327 (App. Div. 2003) (quoting Riccioni v. American Cyanamid Co., 26 N.J. Super. 1, 5 (App. Div.), certif. denied, 13 N.J. 289 (1953)).

> [Williams, supra, 449 N.J. Super. at 562 (emphasis added).]

The compensation judge correctly ruled that Harold's dependency benefits were limited to 450 weeks pursuant to N.J.S.A. 34:15-13. Neither party has cited any authority, nor have we found any, that would confer jurisdiction on the Division of Workers' Compensation to sanction the payment of dependency benefits for a period exceeding that authorized by statute. In our view, it is irrelevant whether the settlement agreement that permitted continuation of those benefits beyond the 450-week period was borne out of respondent's benevolent generosity or the parties' mutual mistake of law.

In either event, both parties agree the compensation judge lacked authority to enforce a settlement order that would extend Harold's benefits beyond the statutory limit. See, e.g., Lynch v. Newark, 43 N.J. Super. 546, 550 (Cty. Ct. 1957) (stating "the balancing of equities has no place in this dispute. The Workmens' Compensation Division is a purely statutory tribunal whose jurisdiction has been precisely defined by the Legislature. No equity jurisdiction was conferred to it[.]").

Under the terms of the settlement, Harold concededly received the maximum amount of dependency benefits authorized by law during the 450-week period. The sole relief Eric sought was to enforce

the settlement order and compel NJM to continue paying dependency benefits to Harold. Notably, Eric does not seek to void the settlement agreement predicated on the parties' mutual mistake of law or on any other basis. In any event, even were Eric successful in voiding the settlement, ultimately Harold could not receive more than the 450 weeks of dependency benefits at $400 per week he has already been paid in accordance with N.J.S.A. 34:15-13.

We are not insensitive to the fact that Harold remains incapacitated, and the result we reach effectively terminates his dependency benefits. We are sympathetic, but the judiciary is not at liberty to subordinate the requirements of the law to the natural influences of sentiment and benevolence. Thus, any gap or omission in N.J.S.A. 34:15-13, which Eric urges us to correct, is best left to the Legislature to address.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION