**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5033-18T4
     A-5718-18T4

ANESTHESIA ASSOCIATES
OF MORRISTOWN, PA,

  Petitioner-Appellant,

v.

WEINSTEIN SUPPLY
CORPORATION,

  Respondent-Respondent.

_____

SURGICARE OF JERSEY CITY,

  Petitioner-Appellant,

v.

WALDBAUMS,

  Respondent-Respondent.

_____

    Argued telephonically August 4, 2020 –
    Decided October 7, 2020

    Before Judges Rothstadt and Firko.

On appeal from the Department of Labor, Division of Workers' Compensation, Claim Petition Nos. 2018-29163 and 2018-19349.

Michael J. Smikun argued the cause for appellant Anesthesia Associates of Morristown, PA (Callagy Law, PC, attorneys; Rajat Bhardwaj, on the briefs).

Donna J. Sova argued the cause for respondent Weinstein Supply Corporation (Viscomi & Lyons, attorneys; Donna J. Sova, on the brief).

Rajat Bhardwaj argued the cause for appellant Surgicare of Jersey City (Callagy Law, PC, attorneys; Rajat Bhardwaj, on the briefs).

Francis W. Worthington argued the cause for respondent Waldbaums (Worthington & Worthington, LLC, attorneys; Francis W. Worthington, on the brief).

PER CURIAM

In these two appeals that we calendared back to back and have consolidated for the purpose of writing one opinion, we are asked to determine whether New Jersey medical providers can file an independent claim under the New Jersey's Workers Compensation Act (WCA), N.J.S.A. 34:15-1 to -146, to recover payment for their services from their patients' employers, where the patients lived and worked outside of New Jersey, were injured outside of New Jersey, and filed workers' compensation claims in their home states that resulted in payments being made to their New Jersey providers. For the reasons that

2

follow, we conclude that the New Jersey medical provider cannot maintain an action under the WCA under these circumstances.

Petitioners Anesthesia Associates of Morristown, PA (AAM) and Surgicare of Jersey City (SJC), both appeal from orders issued by two judges of compensation dismissing their medical provider claims (MPC) for lack of jurisdiction. AAM argues that the judge of compensation's decision was an "extraordinarily brazen, unsupportable misuse of authority," while SJC contends the judge's decision in its case was "incoherent," and "preposterous."

According to both providers, the WCA grants the Division of Workers' Compensation (Division) with broad exclusive jurisdiction over MPCs, even if there is no claim for compensation by an injured employee pending in New Jersey. Additionally, they argue MPCs are separate causes of action, rooted in breach of contract "over which the State of New Jersey has jurisdiction through the Division," and case law determining jurisdiction over injured employee claims is not binding. Also, in SJC's matter, it contends the judge of compensation, sua sponte, improperly dismissed its claim because of a lack of personal jurisdiction, but in doing so, the judge properly "conced[ed] that the Division may exercise subject matter jurisdiction over" its claim. We find no merit to any of these contentions.

3

I.

A.

The material facts of each claim are generally undisputed. In AAM's matter filed under docket number A-5033-18, the employee suffered compensable work-related injuries in an accident in 1998. The accident took place in Pennsylvania, the injured worker was a Pennsylvania resident, and the employer, respondent Weinstein Supply Corporation (Weinstein), was based in Pennsylvania. The injured worker filed a claim with the Pennsylvania Bureau of Worker's Compensation (PABWC).

On March 22, 2018, AAM provided services to the injured worker at a New Jersey hospital during a procedure. It then submitted a claim to the Pennsylvania Department of Labor and Industry (PDOLI) and received payment of $1,070.30 in accordance with the PDOLI fee schedule.[1] AAM did not challenge or otherwise appeal the award. AAM submitted a Health Insurance Claim Form for $12,992 to Liberty Mutual Insurance (Liberty), Weinstein's workers' compensation insurance carrier, seeking payment of the balance it originally billed.

---

[1] According to the judge of compensation, Pennsylvania has a fee schedule, while New Jersey bases payment on the "usual and customary charges" for the service provided within the provider's geographic area.

When the claim was not paid, on October 25, 2018, AAM initiated its MPC by filing a Medical Provider Application for Payment (MPAP) with the Division, even though, as stated in the MPAP, there was no pending workers' compensation claim filed in New Jersey by the employee.[2] Like all MPAPs, the document stated that AAM alleged that "the Employee sustained an injury by an accident arising out of and in the course of his/her employment with Respondent, [that was] compensable under [the WCA]."

Weinstein filed an Answer denying that the Division had jurisdiction and disclosing that the employee had filed a claim in Pennsylvania. It later filed a motion to dismiss for lack of jurisdiction, which AAM opposed. In support of its motion, Weinstein filed a certification from its counsel setting forth the facts that demonstrated there was no connection between New Jersey and the injured employee, who had filed a claim in Pennsylvania, or his employer. In opposition, AAM filed a brief that did not dispute any of the material facts, but argued that the court of compensation had jurisdiction over the claim because

---

[2] Although the MPAP indicated the same single date of service as the Health Insurance Claim Form, it also stated that the amount billed was $25,984.00, or twice as much as the amount submitted to Liberty and disclosed the $1,070.30, previously paid through the PDOLI. There is no explanation as to why the amounts billed are inconsistent.

N.J.S.A. 34:15–15 vested the Division with "exclusive jurisdiction for any disputed medical charge[,] and because New Jersey had a substantial interest in the subject matter – the payment of New Jersey medical providers' bills."

On June 19, 2019, the judge of compensation granted Weinstein's motion and dismissed AAM's claim for lack of jurisdiction. In her written decision, the judge rejected AAM's broad reading of N.J.S.A. 34:15–15, finding that it would distort the meaning of the statute. In her view, "[i]t should go without saying that when the Legislature amended N.J.S.A. 34:15–15 to give the workers' compensation court exclusive jurisdiction for any disputed charges arising from any claim for a work related injury or illness[,] that the claim had to be one compensable under New Jersey law." She concluded that the provider's claim was "derivative," of the injured worker's claim.

Applying the six "Larson factors," as relied upon by the New Jersey Supreme Court in Williams v. Port Auth. of N.Y. & N.J., 175 N.J. 82, 87–88 (2003) (establishing the proper jurisdictional analysis for an employee's occupational disease claim and discussing the common factors used to confer jurisdiction) (citing 9 Lex K. Larson et al., Larson's Workers' Compensation Law, §142.01 (Matthew Bender, rev. ed. 2000)), to determine whether New Jersey had jurisdiction, the judge found that under the circumstances,

[n]one of these possible bases to assert New Jersey jurisdiction exist [because the employee] lived in [Pennsylvania], worked in [Pennsylvania], and the accident occurred in [Pennsylvania]. The contract of hire occurred in [Pennsylvania]. No contract exits between [AAM] and Weinstein. The only connection to New Jersey is that [the employee] underwent one day of medical treatment with [AAM] in New Jersey.

Citing to Wenzl v. Zantop Air Transport Inc., 94 N.J. Super. 326, 334 (Law Div.), aff'd o.b., 97 N.J. Super. 264 (App. Div. 1967) (explaining that an employee's in-state domicile alone, without any employment contacts, is insufficient to confer jurisdiction in New Jersey), the judge stated that as our courts have held "a petitioner's New Jersey residence alone is an insufficient basis for jurisdiction[, c]learly one day of treatment in New Jersey is insufficient to grant New Jersey jurisdiction over this [claim]." The judge continued by distinguishing the case before her from those argued by AAM in opposition to Weinstein's motion before concluding that the claim had to be dismissed. This appeal followed.[3]

---

[3] On July 23, 2019, the judge revised her written decision to correct her having mistakenly stated on page three of the opinion that the injured employee lived, worked, and was injured in New York, rather than Pennsylvania.

A-5033-18T4

B.

Turning to SJC's matter filed under docket number A-5718-18, the facts are similar. The injured employee, a resident of New York, who had been hired in New York by his employer, Stop & Shop, suffered a compensable injury as a result of a work-related accident at work in Brooklyn, New York on February 20, 2010. The injured employee filed a workers' compensation claim in New York. On January 5, 2017, the employee's New York physician filed with the Workers' Compensation Board of New York (WCBNY) a request for authorization for the employee to undergo surgery, listing the injured worker's employer as Stop & Shop at a Brooklyn, New York address.

On March 6, 2017, the WCBNY determined that the injured employee had an ongoing medical disability and that surgery was necessary. The WCBNY's determination identified the employer as Stop & Shop and stated that the "employer is liable for the payment of these services in accordance with" New York law. On August 11, 2017, the employee underwent surgery at SJC's facility in Jersey City. SJC thereafter received a payment of $20,085.28 through the WCBNY.

On July 17, 2018, SJC initiated its MPC by filing a MPAP with the Division that contained the same allegation as in AAM's MPAP about the

worker's injury being compensable under the WCA, and further stated it billed $252,900 for services rendered to the employee and that it had been paid $20,085.28. The MPAP identified respondent Waldbaum's, located in Montvale, as the employer.[4]

Waldbaum's filed an answer averring that SJC had been paid "for all benefits due" to it. On August 2, 2018, it also filed a motion to dismiss for lack of jurisdiction. In support of its motion it filed a certification from counsel attesting to the facts that established New Jersey had no relation to the employee's injury or claim and for that reason SJC's claim should be dismissed. Citing to N.J.S.A. 34:15–15, Waldbaum's argued that the WCA "only allows . . . Applications for Payment when the injured employee has a cognizable claim pursuant to the" WCA.

SJC filed its opposition to the motion to dismiss. In its opposition, SJC raised the same arguments made by AAM in opposition to the motion filed in that matter. It also argued that since Waldbaum's did business in New Jersey and the employee was treated in New Jersey, the claim should not be dismissed.

---

[4] This inconsistency as to the injured employee's employer was never explained but, in any event, it was deemed inconsequential by the judge of compensation, as it was undisputed that the employee worked and was injured while employed in Brooklyn, New York.

Moreover, citing Williams v. A&L Packing & Storage, 314 N.J. Super. 460, 465–66 (App. Div. 1998), and unreported court of compensation cases, SJC contended that the filing of the New York action, did not bar SJC from pursuing its claim in New Jersey. Relying on language contained in a WCBNY form and New York case law, SJC also stated that if it could not secure relief in New Jersey, it would be left without any forum to recover as New York refused to address out of state claims. According to SJC, under the United States Supreme Court's holding in Marbury v. Madison, 5 U.S. 137 (1803), New Jersey was compelled to accept jurisdiction of SJC's claim so as to insure it had the ability to pursue recovery of its claim.

On July 18, 2019, the judge of compensation dismissed the action with prejudice for lack of jurisdiction. In her oral decision, placed on the record that day, the judge found that SJC

> provided medical treatment . . . to a patient who had sustained an injury in a work related accident; . . . the patient who lived in New York, who worked in New York for a New York employer, who was injured in New York and who received medical treatment in New York, was directed by his New York doctor to a surgical center in New Jersey for a single, one day visit. The patient's same day surgery was performed by a New York doctor using equipment and devices ordered by the New York doctor. The petitioner[] has filed claims in New Jersey's workers' compensation court seeking

> payment above and beyond that authorized by the workers' compensation law of the State of New York.

The judge then stated that while the issue of "subject matter jurisdiction vis a vis [sic] personal jurisdiction can be somewhat confounding . . . to [her,]" she turned to the facts relating to the contacts between the employee, his injuries and SJC's services to determine if she could consider SJC's claim. The judge stated that "a single contact with the State of New Jersey, namely one day of treatment in New Jersey or the provision of medical supplies to the doctor for that one day of treatment . . . does not rise to the standard of sufficient purposeful minimal contacts requisite to vest this court with personal jurisdiction."

The judge also noted the unexplained difference between the identification of the employee's employer as being Stop and Shop in Brooklyn, New York and Waldbaum's in Montvale, which she speculated was the parent company of the other and determined that it did not matter which was correct. Moreover, although she expressed sympathy for SJC not receiving more than it did through New York, she found that it was aware that its services would be reimbursed in accordance with New York's fee schedule as set forth on the authorization issued by the WCBNY for the employee's surgery.

11

The judge rejected SJC's contention that it was without a remedy and noted that SJC had one but it "simply [was] without the remedy [it] liked," referring to SJC's reimbursement through the New York compensation action. Turning to SJC's reliance on Williams, the judge concluded by observing she was the judge of compensation who originally decided that case and there she found "sufficient purposeful minimal contacts and therefore purposeful jurisdiction to hear the . . . case," but as to the present matter it was "not the case here." This appeal followed.

## II.

## A.

Our scope of review of a judge of compensation's decision "'is limited to whether the findings made could reasonably have been reached on sufficient credible evidence present in the record, . . . with due regard to the agency's expertise.'" McGory v. SLS Landscaping, 463 N.J. Super. 437, 452 (App. Div. 2020) (quoting Hersh v. Cty. of Morris, 217 N.J. 236, 242 (2014)). Even if we may be inclined to do so, we "may not substitute [our] own factfinding for that of the [j]udge of [c]ompensation." Lombardo v. Revlon, Inc., 328 N.J. Super. 484, 488 (App. Div. 2000).

A-5033-18T4

"However, 'interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference.'" Renner v. AT&T, 218 N.J. 435, 448 (2014) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)). Whether the Division has subject matter jurisdiction over a claim is a question of law, which this court reviews de novo. Marconi v. United Airlines, 460 N.J. Super. 330, 337 (App. Div. 2019).

B.

We begin our review by acknowledging that under certain circumstances, medical providers can pursue payment for services rendered to employees who suffer a compensable injury under the WCA. The Act generally requires that when a worker is injured in the course of his or her employment, the employer must furnish the injured worker with medical, surgical and other treatment required to cure and relieve the worker of the effects of the injury and to restore the worker's functions. N.J.S.A. 34:15–15. In 2012, the Legislature amended N.J.S.A. 34:15–15 to grant the Division "[e]xclusive jurisdiction for any disputed medical charge arising from any claim for compensation for a work-related injury or illness." Ibid. (emphasis added). The Legislature amended the statute to address an "increase in medical billing disputes between insurers and

medical providers," <u>Plastic Surgery Ctr., PA v. Malouf Chevrolet-Cadillac, Inc.</u>, 457 N.J. Super. 565, 569 n.3 (App. Div. 2019) (addressing the applicable statute of limitation relative to a medical provider's claim), <u>aff'd o.b.</u>, 241 N.J. 112 (2020), by "more formally herding all medical-provider claims into the Division." <u>Id.</u> at 569.

Ascribing to the amendment's plain language its "ordinary meaning and significance," <u>id.</u> at 570 (quoting <u>DiProspero v. Penn</u>, 183 N.J. 477, 492 (2005)), and contrary to AAM's and SJC's arguments, by limiting its application to "claim[s] for compensation," the amendment did not apply to MPCs in matters where the Division did not have jurisdiction over an employee's related claim under the WCA. That limitation was recognized by both AAM and SJC when they executed their MPAPs that alleged the employees' claims were "compensable under [the WCA]." Unless the Division has jurisdiction over the underlying claim for a compensable work-related injury, it does not have jurisdiction over a MPC for payment.

Our conclusion is consistent with the statutory limits placed upon the Division. "[T]he Workers' Compensation Court [now Division] is statutory, with limited jurisdiction." <u>Williams v. Raymours Furniture Co.</u>, 449 N.J. Super. 559, 562 (App. Div. 2017) (quoting <u>Connolly v. Port Auth. of N.Y. & N.J.</u>, 317

N.J. Super. 315, 318 (App. Div. 1998)).  Whether the Division has jurisdiction over a claim arising from compensable work-related injury depends upon the particular factors of each case.  Marconi, 460 N.J. Super. at 337 (addressing a New Jersey resident's claim arising from an out of state work-related injury).  The injured employee's "residency alone is an insufficient basis to confer jurisdiction on the Division for extraterritorial workplace injuries."  Id. at 340.

In order to make the determination, a court of compensation must apply six bases:  "(1) Place where the injured occurred; (2) Place of making the contract; (3) Place where the employment relation exists or is carried out; (4) Place where the industry is localized; (5) Place where the employee resides; or (6) Place whose statute the parties expressly adopted by contract."  Williams, 449 N.J. Super. at 563 (quoting 13 Lex K. Larson et al., Larson's Workers' Compensation Law, § 142.01 (Matthew Bender, rev. ed. 2016)).  See also Marconi, 460 N.J. Super. at 335; Connolly, 317 N.J. Super. at 319.  Apart from these factors, if New Jersey is not the "location of the injury, location of the employment contract or hiring, or residency of the employee . . . jurisdiction may still arise where the 'composite employment incidents present a[n] . . . identification of the employment relationship with [New Jersey].'"  Marconi, 460 N.J. Super. at 341–42 (quoting Connolly, 317 N.J. Super. at 320–21).

A-5033-18T4

Applying these considerations to the two cases before us, we agree with the two judges of compensation that there was no cognizable claim for a work-related injury in either case. Therefore, the Division did not have jurisdiction over AAM's or SJC's claims and they were appropriately dismissed, substantially for the reasons expressed by the two judges of compensation.

We are not persuaded otherwise by the cases cited by AAM and SJC as, for the most part, the cases involved claims by medical providers where the Division had jurisdiction over the underlying employee's claim. In the one instance that the two providers cite to a case decided by another judge of compensation that appears to support their arguments, we disagree with the holding in that case to the extent it is applicable to AAM's and SJC's claims.

We also conclude that AAM's and SJC's remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11–3(e)(1)(D). Suffice it to say that their contentions based on an alleged breach of contract are unsupported by any evidence of an agreement between either of them and the injured employees' employers. Absent such evidence, an employer's liability for an employee's medical bills relating to a work-related injury arises only by virtue

of the WCA.[5]  See Hager v. M & K Constr., 462 N.J. Super. 146, 169 (App. Div.) ("If the workers' compensation court finds the injury compensable and the medical services reasonable and necessary, the employer is responsible for the expenses incurred by the employee for the treatment of the injury.") (quoting Christodoulou, 180 N.J. at 345), certif. granted, 241 N.J. 484 (2020).

Also, to the extent the one judge of compensation described the issue before her in SJC's case as being one of "personal jurisdiction" we are satisfied from the judge's analysis that she properly addressed the issue as one relating to subject matter jurisdiction.  Even if she did not, "appeals are taken from orders and judgments and not from opinions, oral decisions, informal written decisions, or reasons given for the ultimate conclusion." Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2010).  Here, the judge's order dismissing the claim was correct.

---

[5] Any contract is typically between the service provider and the injured worker. See Univ. of Mass. Mem'l Med. Ctr., Inc. v. Christodoulou, 180 N.J. 334, 346 (2004) ("Although the Act grants the medical provider a statutory basis for seeking payment from an employer when it has rendered services to an injured worker, . . . it does not nullify the contractual right of the provider to seek payment directly from the employee, the beneficiary of the services." (citations omitted)).

## III.

Finally, we would be remiss if we did not comment on AAM's and SJC's counsels' briefs that accused the two judges of either abusing their authority or rendering incoherent or preposterous decisions. We view these pejorative attacks on the judges to be totally unwarranted and disrespectful. The judges of the court of compensation, like other judges, are dedicated public servants who strive each day to properly assess the cases before them after giving due regard to the facts and the applicable law. Most times, as here, they render legally correct decisions. Other times, lawyers and appellate courts might disagree with them, or they might have made a mistake, but that does not render their thoughtful consideration of the case to be in any manner an abuse of their power, preposterous or incoherent. Such characterizations do little to advance a client's position and unjustifiably undermines the public's confidence in the judiciary. We hope that in the future counsel will think twice before resorting to such attacks.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5033-18T4